UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
SIX DIMENSIONS, INC.,

                Plaintiff,

                              **VERIFIED COMPLAINT**

    - against -                              ECF case

LYNN M. BRADING,

                Defendant.
---------------------------------------------------------------X

Plaintiffs Six Dimensions, Inc. ("Dimensions") by and through its attorneys, The Bostany Law Firm PLLC, brings this complaint against Defendant Lynn M. Brading alleging as follows:

## PARTIES

1. Six Dimensions is a corporation, duly organized and existing under the laws of the State of Nevada, with its principal place of business at 17 State Street, New York, New York.

2. Dimensions is a wholly owned subsidiary of 6D Global Technologies, Inc. (hereinafter "SIXD").

3. SIXD is a corporation, duly organized and existing under the laws of the State of Delaware, with its principal place of business at 17 State Street, New York, New York.

4. SIXD is a NASDAQ listed company publically trading under the stock symbol SIXD.

5. Defendant Lynn M. Brading is an individual residing at 6523 Tree View Drive, Liberty Township, Ohio 45044.

6. Brading is a citizen of the State of Ohio.

**JURISDICTION AND VENUE**

7. This Court's jurisdiction is based upon 28 U.S.C. § 1332.

8. Venue is proper in this District Court pursuant to the provisions of 28 U.S.C. 1400(a) in that the Plaintiff is a corporation with its principal place of business in Manhattan and is being damaged by the Defendant's actions.

9. Ms. Brading communicated regularly with Plaintiffs' management at its principal place of business located at 17 State Street in the Borough of Manhattan, City and State of New York.

10. While working for Plaintiff, Ms. Brading was a Manager of Channel Partner Relations in charge primarily of the Adobe Systems partnership, which required her to travel to various cities in the country and overseas to sell Dimensions' Adobe training, servicing and license sales.

11. Defendant would regularly visit the State of New York in order to effectuate her responsibilities for the Plaintiff.

12. While employed by Plaintiff, Defendant would communicate regularly with Plaintiff's management in New York.

13. Following a disagreement concerning certain sales minimums, that the Company was requesting that Defendant agree to, Defendant resigned.

14. Defendant then became the Adobe Alliance Manager for Plaintiff's competitor, Perficient, Inc. with offices at 1410 Broadway, Borough of Manhattan, City and State of New York; 22 Cortlandt Street, Borough of Manhattan, City and State of New York, and in cities throughout the country.

15.     Perficient, Inc., a company with over 2,000 employees and a revenue of almost half a million dollars as of 2014, is a competitor of the Plaintiff.

16. During the period of time the Defendant was employed by the Plaintiff Defendant regularly solicited from customers located in the State of New York.

17. Upon information and belief, Defendant is today regularly soliciting business from customers located in the State of New York for her current employer.

18.     Defendant also derived and derives substantial revenue from interstate commerce.

19.     Defendant coordinated conferences in numerous states throughout the country and overseas in order to sell the services that were provided by the Plaintiff.

20.     Defendant was aware that the solicitation and recruiting of Plaintiff's employees was a direct violation of her contract of employment with the Plaintiff and was a tortuous act that would injure and did injure the Plaintiff herein in this State.

## COUNT I

## TORTUOUS INTERFERENCE WITH CONTRACT

21.     The Plaintiff repeats and reiterates each and every allegation contained in paragraphs 1 through 20 above as though fully set forth at length herein.

22.     The parties hereto agreed by contract that the law of the State of California would govern the determination of disputes under their employment contract.

23.     In the State of California, the elements of a tortuous interference of contract claim are: 1) the existence of a valid contract between the Plaintiff and the employee; 2) the Defendant's knowledge of the contract; 3) the Defendant's intentional act designed to induce the breach or the disruption of the contract; 4) the actual breach or disruption; and 5) resulting

3

damage.

24. Shortly after her separation in June of 2015, Defendant began approaching employees in the Plaintiff's technical department upon which Defendant was aware the Plaintiff relied in order to provide the technical services that are at the core of Plaintiff's business.

25. Defendant asked and encouraged Plaintiff's employees to terminate their agreements with Plaintiff and instead join Perficient.

26. Defendant pitched Plaintiff's employees that she approached that Perficient offered benefits and economic advantages that Defendant claimed exceeded those provided by the Plaintiff.

27. Many of the employees that the Defendant approached did not discuss the offers that Defendant and Perficient were making to them, and instead, resigned from the Plaintiff's employ, immediately joining the workforce of Perficient thereafter.

28. Said resignations caused by the Defendant's improper solicitation of Plaintiff's employees, has caused substantial damage to Plaintiff and will cause Plaintiff to suffer further damage.

29. The Plaintiff invested substantial resources in training the employees that Defendant solicited and Plaintiff relied upon the services that were provided by the groups of employees that Plaintiff solicited and resigned from Plaintiff's employ as a result of Defendant's improper solicitation.

30. Plaintiff has lost not only the investment in training of the employees that the Defendant has solicited but has lost the ability to provide for customer needs on a timely basis and has placed strain on other departments and other employees and has impacted adversely the Plaintiff's good will and employee morale at the Plaintiff's company.

31. There was a contract between the Plaintiff and each of the employees that resigned from the Plaintiff's employ.

32. The breach of the employees' contracts with the Plaintiff was induced by the Defendant's solicitation.

33. The Defendant solicited each of the employees to breach their contract with the Plaintiff and work for Perficient.

34. After such solicitation, the employees did in fact terminate their contracts with the Plaintiff.

35. Plaintiff has been damaged in its loss of good will, its loss in revenue from the employees that terminated their contracts with the Plaintiff, loss in resources invested in training the employees, loss of good will and employee morale.

### COUNT II

### UNFAIR COMPETITION CALIFORNIA BUSINESS AND PROFESSIONS CODE SECTION 17200

36. The Plaintiff repeats and reiterates each and every allegation contained in paragraphs 1 through 35 above as though fully set forth at length herein.

37. California's statutory unfair competition laws broadly prohibit unlawful and unfair business acts.  See California DPC §17200 *et seq*.

38. It is an unfair practice for a former employee to assist a competitor in poaching and raiding the former employer's employee pool in order to both damage the former employer and enhance the employee pool of the new employer/Plaintiff's competitor.

5

39. Here, Lynn Brading utilized her familiarity with the Plaintiff's employees to impermissibly approach them in a direct solicitation context.

40. Defendant approached employees with one purpose and one goal in mind - to cause them to terminate their contracts with the Plaintiff and to enhance Plaintiff's competitor's workforce by joining Plaintiff's competitor's workforce.

41. Defendant was aware that the skills and talent provided by the employees that she was soliciting were integral to the Plaintiffs infrastructure and nevertheless sought them out to terminate their contracts with the Plaintiff, and succeeded in at least five instances where employees advised the Plaintiff that they were terminating their contracts with the Plaintiff. This occurred after these employees were approached and solicited by the Defendant herein, Lynn Brading.

42. Ms. Brading thought only of her goal to simultaneously damage the Plaintiff and enhance the economic power of her current employer, Perficient.

43. Ms. Brading was aware that her conduct was not only a tortuous act under the laws of many states including California, the law of which she agreed would govern her acts, but she was also aware that her conduct directly violated an explicit provision of her contract with the Plaintiff before she began her campaign to raid the Plaintiff's employee pool.

44. Ms. Brading's conduct is clearly an unfair act under the California Business and Professions Code, which Ms. Brading blatantly violated in many respects by her conduct.

45. Plaintiff respectfully requests damages to be determined at trial for this violation of the California Business and Professions Code.

## COUNT III

## TORTUOUS INTERFERENCE WITH PERSPECTIVE ECONOMIC ADVANTAGE

46. The Plaintiff repeats and reiterates each and every allegation contained in paragraphs 1 through 45 above as though fully set forth at length herein.

47. The employees that terminated their contracts with the Plaintiff after being solicited by the Defendant herein, would have provided economic advantages to the Plaintiff had they not terminated their contracts.

48. The employees that terminated their contracts with the Plaintiff as a result of the Defendant's solicitation and interference, would have enhanced the Plaintiff's ability to service customers, would have provided good will to the Plaintiff, and would have provided very real economic benefits to the Plaintiff in terms of billed hours for work that they were steadily performing for the Plaintiff prior to their termination of their contracts with the Plaintiff.

49. Had the Defendant not interfered with these employees, had she not solicited these employees, and had she not persuaded these employees to terminate their relationships with the Plaintiff, these employees would have continued to work for the Plaintiff and caused the Plaintiff to earn substantial sums based upon the hours that they would regularly bill, income that ceased upon their termination of their contracts with the Plaintiff.

50. WHEREFORE, Plaintiff demands that Defendant pay an amount to be determined at trial equal to the loss in economic benefits that would have been provided by the employees that terminated the relationship with the Plaintiff as well as the loss of good will and employee morale.

## COUNT IV

## BREACH OF CONTRACT

51. Plaintiff repeats, reiterates, and realleges each and every statement in Paragraphs 1 – 50 as if fully set forth herein.

52. Defendant signed an employment agreement, dated August 24, 2014 ("Employment Agreement"), to be employed by Dimensions.

53. Section 8(a) of the Employment Agreement states in sum and substance that Defendant will not directly or indirectly solicit or recruit, any employee or consultant of Dimensions to work for a third party or assist any third party, person or entity to solicit, recruit or hire any employee or consultant of the company or knowingly engage in any activity that would cause any employee or consultant to violate any agreement with the company for a period of two (2) years after termination.

54. On June 18, 2015, Defendant signed a Termination Certification with Plaintiff.

55. A valid contract, the Employment Agreement, exists between Defendant and Dimensions.

56. Defendant actively solicited and is soliciting current employees of Dimensions to leave Dimensions which is a breach of the Employment Agreement.

57. As a result of Defendant's breach of contract, Defendant is liable to Plaintiffs for damages including but not limited to compensatory, incidental and consequential damages.

58. Defendant's breach of contract will also cause the Plaintiffs irreparable harm because Dimensions invested invaluable training in its current employees, relies upon them to stay in business and Defendant is continuing to and unless halted by this Court will continue to raid Dimensions' workforce and violate the Employment Agreement.

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

    i.    Enjoining Defendant, and all persons in active concert, privity and/or participation with her, from directly or indirectly soliciting or recruiting, any employee or consultant of Dimensions to work for a third party or assist any third party, person or entity to solicit or recruit any employee or consultant of the company or knowingly engage in any activity that would cause any employee or consultant to violate any agreement with the company for a period of two (2) years from June 18, 2015.

    ii.    Monetary damages caused by Defendant's conduct in an amount to be determined by the Court;

    iii.    Costs as provided by law.

Dated: New York, New York
October 21, 2015

    Respectfully Submitted,

    THE BOSTANY LAW FIRM, PLLC

    By:___s/John P. Bostany_____
     John P. Bostany(JB1986)
     Attorney for Plaintiff
     40 Wall Street, 28th floor
     New York, New York 10005
     (212) 530-4400

## **VERIFICATION**

**MARK SZYNKOWSKI** hereby declares, under penalty of perjury pursuant to 28 U.S.C. § 1746, as follows:

1. I am the CFO of plaintiff in this action.

2. I have read the foregoing Complaint and know the contents thereof. The same is true to my knowledge except as to the matters stated to be alleged on information and belief and as to those matters I believe them to be true.

Dated: New York, New York
October 21, 2015

_____, CFO
MARK SZYNKOWSKI