

100 Park Avenue | Suite 2500
New York, New York 10017
Tel 212-453-5900 | Fax 202-453-5959

Writer's Direct Dial:

PHILIP K. DAVIDOFF
212-453-5915
pdavidoff@fordharrison.com

November 4, 2015

**BY ECF**

The Honorable Paul G. Gardephe
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York

      Re:     Six Dimensions, Inc. v. Brading, No. 15-CV-8309
               <u>Order to Show Cause and Preliminary Injunction</u>

Dear Judge Gardephe:

      We have recently been retained to represent defendant Lynn Brading in the above-referenced action filed by her former employer, Six Dimensions, Inc. ("Six Dimensions" or "Plaintiff") alleging, inter alia, that Ms. Brading violated her agreement not to solicit employees of Six Dimensions following her separation from employment. On October 27, the Court issued an order to show cause and a hearing was scheduled for November 6, 2015 at 2:00 p.m. to determine why an order should not be issued preliminarily enjoining Brading from soliciting Six Dimensions' employees.

      We write to advise the Court that Ms. Brading does not object to the entry of the preliminary injunction proposed by Plaintiff in the Order to Show Cause (dkt. no. 10 at p. 2) enjoining her

> "from directly or indirectly from [sic] soliciting, inducing, recruiting, or encouraging any of the Plaintiff's employees or consultants to terminate their relationship with the Plaintiff or attempt to cooperate with others to solicit, induce, recruit, encourage, or take away employees or consultants of the Plaintiff, either for defendant's own purposes or for the benefit of others, and from utilizing, sharing or disclosing any Employee or other Confidential Information gained while employed by Plaintiff."

      While Ms. Brading intends to vigorously defend herself in this action, she has no interest in unnecessary litigation, such as would be required to oppose the request for preliminary injunctive relief. In this regard, Ms. Brading expressly reserves any and all rights and defenses she may have in this action and this letter and entry of the preliminary injunction should not be construed either as an admission or waiver of any rights Brading may have.

The Honorable Paul G. Gardephe
November 4, 2015

    Please also be advised that Ms. Brading will continue to abide by this Court's orders regarding the preservation of correspondences with any of Plaintiff's former or current employees, competitors, or customers.

    We trust that this obviates the need for both the hearing scheduled for Friday, November 6, as well expedited discovery in aid of Plaintiff's request for preliminary injunctive relief, as the issue is now moot. Accordingly, our client is prepared to timely file a response to the Complaint and appear before for this Court for the initial pre-trial conference scheduled by the Court for January 21, 2016 at 10:45 a.m.

    Should the Court have any questions, or require further clarification, please let us know.

                         Sincerely,

                         /S/

                         PHILIP K. DAVIDOFF
                         ROSHNI CHAUDHARI

cc:    John P. Bostany, The Bostany Law Firm, PLLC, Attorneys for Plaintiff

WSACTIVELLP:8030405.3