UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SIX DIMENSIONS, INC.,

                Plaintiff,

     -*against*-

LYNN M. BRADING,

                Defendant.

Civil Action No: 15CV08309(PGG)

**REPLY MEMORANDUM OF LAW**

**PRELIMINARY STATEMENT**

The Plaintiff respectfully submits this Memorandum in reply to a letter response that was filed by Defendant's counsel on November 4, 2015. Notably, the October 27, 2015 Order, which was served upon Defendant on October 28, 2015, provided that any opposition must be served and filed no later than November 3, 2015.

**ARGUMENT**

The Defendant's November 4 letter advised that there is no objection to the injunctive relief sought by Plaintiff in the October 27, 2015 Order to Show Cause.[1] We were contacted for the first time by defense counsel on the morning of November 3, 2015. Counsel asked whether we would consider a postponement of the November 3 deadline. We explained that we were concerned about preservation of evidence and asked whether counsel would be willing to provide the emails on November 3. Counsel advised that he would get back to us on this.

---

[1] We are preparing a consent order and reached out to counsel earlier today to see if we could discuss this issue. We did not receive a reply.

1

When we had not heard back from counsel we reached out by email that same day, November 3.  Counsel replied after business hours, and flatly advised that he was uninterested in obtaining an extension of time and that he therefore would not be moving up the November 5 deadline to produce the emails that was contained in the Court's October 27 Order.

The Plaintiff's papers amply supported the Court's October 27, 2015 Order of production pursuant to Rule 34(b)(2)(A).  The evidence demonstrated that the Defendant Lynn Brading was responsible for a concerted and continuous campaign to persuade the Plaintiff's employees to terminate their relationships with the Plaintiff, which the Court determined appeared to be causing irreparable injury.  It was certified that these efforts were being conducted predominantly by email for a period of approximately four months.

The Order is not burdensome and reasonably protects against the destruction of key evidence by ordering it produced expeditiously.

"More recently, courts have applied a more flexible standard of 'reasonableness' and 'good cause.' *See Ayyash,* 233 F.R.D. at 326-27 ('this Court will assess the application [for expedited discovery] under the flexible standard of reasonableness and good cause') (citing cases). I agree that the more flexible approach is the better approach."  *Stern v. Cosby*, 246 F.R.D. 453, 457 (S.D.N.Y. 2007)(Chin, D.J.).   Counsel argues that the October 27 Order also prohibits destruction of evidence, but such an Order should not be necessary as destruction of evidence is prohibited in any event.  <u>See</u> *Stern v. Cosby*, *supra* at 458 (emphasis added) (defendants "argue that expedited discovery is not necessary in light of the Court's order, entered on consent, prohibiting the parties from interfering with witnesses or destroying or altering evidence. <u>I disagree</u>").

The Order that requires the Defendant to produce her emails with the Plaintiff's employees during that precise four-month period following her termination from Plaintiff's employ, is a prudent exercise of the Court's discretion to have sensitive evidence produced on an expedited basis. "The Plaintiff's request is reasonable and limited in scope, seeking only basic . . . information" and therefore expedited production is warranted. *Directory Assistants, Inc. v. Doe*, 2010 WL 10128887, at *1 (D. Conn. 2010)(Droney, D.J.).

WHEREFORE, the Defendant has not articulated any grounds for the modification of the Court's Order in this regard, and the Order should remain undisturbed.

Dated: New York, New York
November 4, 2015

>Respectfully submitted,
>THE BOSTANY LAW FIRM, PLLC
>
>/s/ John P. Bostany
>By:    John P. Bostany
>Attorneys for Plaintiff
>40 Wall Street, 28th Floor
>New York, New York 10005