**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| SIX DIMENSIONS, INC., | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | **Case No. 1:15-cv-08309-PGG** |
| | ) | |
| LYNN M. BRADING, | ) | |
| | ) | |
| *Defendant*. | ) | |

**JEANETTE GOMEZ'S MEMORANDUM IN SUPPORT OF**
**HER MOTION TO QUASH PLAINTIFF'S SUBPOENA *DUCES TECUM***

Jeanette Gomez ("Gomez") submits this Memorandum in Support of her Motion to Quash Subpoena *Duces Tecum*.

## I.    INTRODUCTION

On October 21, 2015, Six Dimensions filed a four-count Complaint against Lynn Brading ("Brading") alleging Brading solicited its customers and employees in violation California law and in breach of her Employment Agreement [Doc. 1].  Specifically, Six Dimensions alleges Brading resigned, became employed by Perficient, Inc. ("Perficient"), and solicited Six Dimension employees to work for Perficient [Doc. 1 at ¶¶ 13-14; 17; 20].

In Count I, Six Dimensions alleges Brading tortiously interfered with a contract, namely, the contracts of the employees who Six Dimensions alleges Brading solicited [Doc. 1 at ¶¶ 24-35.  In particular, Six Dimensions alleges Brading's alleged interference with these contracts resulted in other employees resigning from employment with Six Dimensions, thereby causing substantial damage to Six Dimensions [Doc. 1 at ¶ 22].  In Count II, Six Dimensions alleges Brading violated California Business and Professions Code § 17200, *et seq*., by assisting a "competitor" in poaching and raiding Six Dimensions' employees [Doc. 1 at ¶¶ 38-45].  Again, Six Dimensions alleges Brading's conduct resulted in Six Dimensions' employees terminating

{00336275.1}

their employment with Six Dimensions [Doc. 1 at ¶ 41].  In Count III, Six Dimensions alleges Brading tortiously interfered with a perspective economic advantage by soliciting its employees, who would have otherwise continued to be employed [Doc. 1 at ¶¶ 47-49], and in Count IV, Six Dimensions alleges Brading breached the non-solicitation clause contained in her Employment Agreement by soliciting Six Dimension employees to work for a third party [Doc. 1 at ¶¶ 52-58]. Six Dimensions alleges Brading's alleged conduct resulted in other Six Dimensions' employees terminating their contracts [Doc. 1 at ¶¶ 47-49].

On November 17, 2015, Six Dimensions sent Gomez, a non-party, a Subpoena *Duces Tecum* ("Subpoena") via email, commanding her to electronically produce documents on November 30, 2015 at 10 am.  Gomez is employed as the Director of Recruiting for Perficient, which is also a non-party.  The Subpoena requests Gomez produce:

> Electronically stored documents (i.e. [*sic*] emails, text messages, social media postings, etc.) from June 18, 2015 to date in your possession or control that contain the name of anyone currently or formerly employed by Six Dimensions, Inc.

The Court should quash Six Dimensions' Subpoena for four reasons.  First, Six Dimensions did not properly serve the Subpoena on Gomez.  Second, the Subpoena requests private and confidential information about Perficient's applicants and employees, none of whom are parties to the underlying lawsuit.  Third, the Subpoena seeks information about non-parties, which cannot possibly be relevant to Six Dimensions' claims against Brading.  Finally, the Subpoena subjects Gomez to an undue burden and inconvenience.

## II.   APPLICABLE LEGAL STANDARD

Under Fed. R. Civ. P. 45(b)(1), "[s]erving a subpoena requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering" the required witness fee.  *Tube City IMS LLC v. Anza Capital Partners LLC*, 2014 WL 6361746, No. 14 Civ.

1783(PAE), *2 (S.D. NY Nov. 14, 2014) (citations omitted).  In the Second Circuit, "delivery" does not specifically require personal service.  *Id.*  Nevertheless, courts still require a party serving a subpoena to deliver the subpoena in a manner that ensures "actual timely notice," such as by certified mail.  *Id.*; *see also JP Morgan Chase Bank, N.A. v. IDW Grp., LLC*, 2009 WL 1313259, No. 08 Civ. 9116(PGG), at *2 (S.D. NY May 11, 2009) (approving certified mail as a form  delivery).  Where a party is unsuccessful in effectuating personal service or delivery by other reliable means, such as by certified mail, courts have granted a request to serve subpoenas through substitute methods, such as through counsel or, in special circumstances, by e-mail.  *Id.*

Federal Rule of Civil Procedure 45(d)(3) requires a court, on motion, to quash or modify a subpoena that:  (1) fails to allow a reasonable time to comply; (2) requires a person to comply beyond the 100 mile geographical limit; (3) requires disclosure of privileged or other protected matter; or (4) subjects a person to undue burden.  *Wultz v. Bank of China Limited*, 32 F.Supp.3d 486, 491 (S.D. NY 2014), *citing* Fed. R. Civ. P. 45(d)(3)(A)(i-iv).  In addition, subpoenas are subject to Fed. R. Civ. P. 26(b)(1)'s relevancy requirements.  *Koch v. Greenberg*, 2009 WL 2143634, No. 07 Civ. 9600(BSJ)(DF), *2 (Jul. 14, 2009).  The party to whom a subpoena is directed has standing to move the Court to quash the subpoena for the foregoing reasons.  *Atwell v. City of New York*, 2008 WL 5336690, No. 07 Civ. 2365(WHP), *1 (S.D. NY Dec. 15, 2008).

### III.     ARGUMENT

**A.     The Court Should Quash The Subpoena Because Six Dimensions Did Not Properly Serve The Subpoena On Gomez.**

Six Dimensions did not serve the Subpoena on Gomez in accordance with Fed. R. Civ. P. 45(b) and the relevant case law interpreting the Rule.  Six Dimensions simply emailed the Subpoena to Gomez on November 17, 2015.  It did not even attempt personal service, nor did not send Gomez the Subpoena by another reliable form, such as by certified mail.  As such, the

Subpoena has not been properly served.  *See Simmons v. Fervent Electrical Corp.*, 2014 WL 4285762, *2 (E.D. NY 2014) (holding proper service was not effectuated where deponent served by leaving copy of subpoena with wife and sending copy by first class mail).

Courts have consistently held that alternate forms of service are appropriate only after there have been diligent efforts to effectuate personal service.  *Id.*; *Tube City IMS LLC*, 2014 WL 6361746 at *1-3.  In *Tube City*, the court granted plaintiff's request for substitute service of a subpoena *after* plaintiff attempted to personally serve the subpoena multiple times.  *Tube City IMS LLC*, 2014 WL 6361746 at *1-3.  There, plaintiff proposed the following forms of substitute service:  (1) attaching a copy of the subpoena to the person's door; (2) mailing a copy of the subpoena by certified mail; and (3) mailing and emailing a copy of the subpoena to the person's current attorney in another case.  *Id.* at *3.  The court held the first two proposed forms of substitute service – attaching a copy to the door and mailing by certified mail – were "quite likely to provide [the person] with actual timely notice."  *Id.*  With respect to mailing and emailing, however, the court held that it was appropriate *only because it served as an additional means* of notifying the person.  *Id.*  Other courts have similarly held that emailing a subpoena is appropriate, but only where email is one of several alternate means of serving the subpoena.  *See, e.g., JP Morgan Chase Bank, N.A.*, 2009 WL 1313259 at *3.

As discussed above, here, Six Dimensions did not attempt to serve the Subpoena on Gomez other than via email.[1]  Moreover, Six Dimensions did not move the court for approval to serve the Subpoena via email only.  In this situation, unlike in *Tube City* and *JP Morgan Chase*,

---

[1] Counsel for Plaintiff has represented in written correspondence dated November 25, 2015 to the undersigned that he has made other attempts to serve Ms. Gomez the subpoena, including by leaving a copy at her employer's New York office, mailing a copy to her employer's New York office, and delivery via UPS to her employer's St. Louis office.  As Ms. Gomez is currently traveling and out of the country, the undersigned has been unable to confirm these other attempts at service.

Six Dimensions' service of the Subpoena was not proper, and the Court should quash the Subpoena.

**B.    The Court Should Quash The Subpoena Because It Requests Private And Confidential Information About Perficient's Applicants And Employees.**

Federal Rule of Civil Procedure 45(d)(3)(A)(iii) requires a Court to quash or modify a subpoena that "requires disclosure of privileged or other protected matter."  *Wultz*, 32 F.Supp.3d at 491.  Courts have consistently held that personnel files and information are confidential because of the inherent risk for harm or embarrassment if they are discovered.  *Duling v. Gristede's Operating Corp.*, 266 F.R.D. 66, 72 (S.D. NY 2010).  This is particularly true with respect to the personnel files and information of non-parties.  *Id*. at 73 (citations omitted).  "To permit wide dissemination of personnel files would result in a clearly defined, serious, and unnecessary injury to the privacy of the employee who is not a party to the lawsuit."  *Id*. (citations omitted).  "Revelation of such information could cause economic or emotional harm." *Id*. (citations omitted).  Even absent a clear example of harm that a non-party employee might experience from the disclosure of his or her personnel file, Courts have held the harm that would result from the dissemination of personnel files establishes a "particular need for protection."  *Id*. *See also Allison v. Clos-ette Too, L.L.C.*, 2015 WL 136102, No. 14 Civ. 1618(LAK)(JCF), *7 (S.D. NY Jan. 9, 2015) (noting "courts have repeatedly found that an individual possesses a privacy interest with respect to information contained in her employment records …").

Here, the Subpoena seeks private and confidential personal information of non-party Perficient applicants and employees.  The Subpoena broadly requests without limitation "electronically stored documents" "that contain the name of anyone currently or formerly employed by Six Dimensions, Inc."

To comply with the Subpoena, Gomez would have to search for and produce private and confidential applicant and employee information in her possession and control.  Production of this information would subject non-party applicants and employees to harm, namely, an invasion of privacy, and the potential for emotional and economic harm associated with the disclosure of information confidentially provided to Perficient in the course of applying for employment, which falls squarely in line with the type of personnel information courts routinely protect from unnecessary disclosure.  *See Duling*, 266 F.R.D. at 72-73; *Allison*, 2015 WL 136102, at *7.  In particular, the production of confidential recruitment emails between Gomez and any <u>current</u> employee of Six Dimensions could cause substantial harm if the employee's employment status with Six Dimensions is impacted by production of said emails.  Six Dimensions has not shown a particular need for the private applicant and personnel information requested in the Subpoena.  Thus, for the foregoing reasons, the Court should quash the Subpoena.

### C.   The Court Should Quash The Subpoena Because It Seeks Irrelevant Information.

Even assuming *arguendo*, Six Dimensions is entitled to discovery the private and confidential personnel information requested in the Subpoena, the Court should still quash the subpoena because it is overly broad and seeks irrelevant information.  Subpoenas issued pursuant to Fed. R. Civ. P. 45 must comply with the relevancy requirements of Fed. R. Civ. P. 26.  *Koch*, 2009 WL 2143634 at *2.  A "subpoena that pursues material with little apparent or likely relevance to the subject matter is likely to be quashed as unreasonable even where the burden of compliance would not be onerous."  *In re Blackstone Partners, L.P.*, 2005 WL 1560505 at *2.  *See Kingsway Financial Services, Inc. v. Pricewaterhouse-Coopers LLP*, 2008 WL 4452134, No. 03 Civ. 5560(RMB)(HBP), *5 (S.D. NY Oct. 2, 2008) (quashing a subpoena requesting,

*inter alia*, eleven years of documents unrelated to the policy at issue in the litigation and communications occurring prior to the relevant time period in the lawsuit).

A cursory review of the Complaint suggests the information sought in the Subpoena has little to no relevance to the underlying lawsuit.  Six Dimensions seeks relief from Brading, *individually*, for her alleged breach of her Employment Agreement and for her alleged violations of California law [Doc. 1].  Notwithstanding the fact California strongly disfavors, and more often than not invalidates restrictive covenants,[2] the Subpoena's request for all "electronically stored documents" "that contain the name of anyone currently or formerly employed by Six Dimensions, Inc." is overly broad and cannot possibly lead to the discovery of relevant information.  The Subpoena is not limited to any specific time period, to any specific type of "electronically stored documents," to documents belonging to or referencing any specific individuals, or otherwise.  While a limited request for communications between Perficient and Brading might arguably be relevant to Six Dimensions' claims, the Subpoena as issued seeks disclosure of an extremely broad range of communications, most of which cannot possibly relate to Six Dimensions' allegations as to Brading's conduct.  Accordingly, the Court should quash the Subpoena.

**D.   The Court Should Quash The Subpoena Because It Subjects Gomez To An Undue Burden.**

Even assuming *arguendo*, Six Dimensions is entitled to discover the private and confidential personnel information requested in the Subpoena, the Court should still quash the subpoena because it subjects Gomez to an undue burden.  Federal Rule of Civil Procedure 45(d)(3)(iv) requires the Court to quash or modify a subpoena that subjects a person to an undue

---

[2] *See Edwards II v. Arthur Andersen LLP*, 44 Cal.4th 937, 946 (Ca. 2008); *Dowell v. Biosense Webster, Inc.*, 179 Cal.App.4th 564, 575 (Ca. App. 2010).

burden. *Koch*, 2009 WL 2143634 at \*2. The determination of whether a subpoena subjects a person to an undue burden depends upon a variety of factors, including relevance, the burden imposed, expense and inconvenience. *In re Blackstone Partners, L.P.*, 2005 WL 1560505, No. 04 Civ. 7757(NRB), \*2 (S.D. NY Jul. 1, 2005). *See also Jones v. Hirschfeld*, 219 F.R.D. 71 (S.D. NY 2003) (quashing a subpoena imposing an undue burden on a non-party).

A review of the factors set forth above compels the conclusion that the Court must quash the Subpoena. Six Dimensions' Subpoena is not limited in time or to any particular documents. Rather, the Subpoena broadly requests "electronically stored documents" in Gomez's possession and control. Moreover, the Subpoena does not list the names of any specific individuals for whom it seeks information. Rather, it requests documents referencing "anyone currently or formerly employed by Six Dimensions, Inc." Compliance with Six Dimensions' Subpoena would impose an undue burden on Gomez in terms of time and expense required to search for and locate potentially responsive documents. Moreover, for the reasons discussed above, the Subpoena imposes an undue burden in that it requests Gomez produce documents which are irrelevant to Six Dimensions' claims against Brading. Accordingly, the Court should quash the Subpoena.

## IV. CONCLUSION

WHEREFORE, for the reasons set forth herein, Gomez respectfully requests the Court quash or modify Plaintiff Six Dimensions, Inc.'s Subpoena *Duces Tecum*, and for such other and further relief as the Court deems appropriate.

Respectfully submitted,

LOWENBAUM LAW

/s/ Christopher M. Sanders

Christopher M. Sanders, MO #55198
*Pro Hac Vice*
222 South Central, Suite 900
Clayton, Missouri 63105
(314) 746-4809 - *Direct*
(314) 746-4848 - *Fax*
csanders@lowenbaumlaw.com

*Attorney for Non-Party Jeanette Gomez*

## CERTIFICATE OF SERVICE

I hereby certify that I have on November 25, 2015, served a true and correct copy of the foregoing via the Court's e-filing system upon the following:

John P. Bostany, Esq.
The Bostany Law Firm, PLLC
40 Wall Street, 28th Floor
New York, NY 10005
*Attorney for Plaintiff Six Dimensions, Inc.*

Roshini Chaudhari, Esq.
Ford & Harrison LLP
100 Park Avenue, Suite 2500
New York, NY 10017
*Attorney for Defendant Lynn Brading*

/s/ Christopher M. Sanders

/kds

{00336275.1}                                    9