UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

SIX DIMENSIONS, INC.,

           Plaintiff,

    - against -

PERFICIENT, INC. and LYNN M. BRADING,

           Defendants.
-----------------------------------------------------------------X

**FIRST AMENDED COMPLAINT**

Civil Action No:  15CV08309(PGG)(JLC)

      Plaintiff Six Dimensions, Inc. ("Dimensions") by and through its attorneys, The Bostany Law Firm PLLC, brings this complaint against Defendants Lynn M. Brading and Perficient, Inc. alleging as follows:

## PARTIES

1. Six Dimensions is a corporation, duly organized and existing under the laws of the State of Nevada, with its principal place of business at 17 State Street, New York, New York.

2. Initial Koncepts, Inc., was converted to Six Dimensions, Inc. pursuant to a share transfer agreement.  *See* publicly available SEC filings including Information Statement filed with the SEC on or about June 23, 2014. http://www.sec.gov/Archives/edgar/data/1382219/000119312514245690/d748872dsc14f1.htm.

3. Dimensions is now a wholly owned subsidiary of 6D Global Technologies, Inc. (hereinafter "SIXD").

4. SIXD is a corporation, duly organized and existing under the laws of the State of

Delaware, with its principal place of business at 17 State Street, New York, New York.

5. SIXD is a NASDAQ listed company publically trading under the stock symbol SIXD.

6. Defendant Lynn M. Brading is an individual residing at 6523 Tree View Drive, Liberty Township, Ohio 45044.

7. Brading is a citizen of the State of Ohio.

8. Perficient, Inc. is a Delaware corporation registered to do business in the state of New York, with offices located at 22 Cortlandt Street and 1410 Broadway in the borough of Manhattan.

## JURISDICTION AND VENUE

9. This Court's jurisdiction is based upon 28 U.S.C. § 1332.

10. Venue is proper in this District Court pursuant to the provisions of 28 U.S.C. 1391(b).

11. Ms. Brading communicated regularly with Plaintiff's management at its principal place of business located at 17 State Street in the Borough of Manhattan, City and State of New York.

12. While working for Plaintiff, Ms. Brading was a Manager of Channel Partner Relations in charge primarily of the Adobe Systems partnership, which required her to travel to various cities in the country and overseas to sell Dimensions' Adobe training, servicing and license sales.

13. Defendant Brading would regularly visit the State of New York in order to effectuate her responsibilities for the Plaintiff.

14. While employed by Plaintiff, Defendant Brading would communicate regularly with Plaintiff's management in New York.

15. Upon information and belief, Defendants are today regularly soliciting business from customers located in the State of New York for Defendant Perficient's business.

16. Defendants derived and derive substantial revenue from interstate commerce.

17. Defendant Brading coordinated conferences in numerous states throughout the country and overseas in order to sell the services that were provided by the Plaintiff.

18. California law applies to claims against Defendant Brading except for the violation of the injunction which was entered by a New York federal judge and is governed by federal law.

19. New York law applies to the claims against Defendant Perficient, Inc. except for the violation of the injunction which was entered by a New York federal judge and is governed by federal law.

## FACTUAL ALLEGATIONS

20. Following a disagreement concerning certain sales minimums, Defendant Brading resigned from Plaintiff.

21. Defendant Brading then became the Adobe Alliance Manager for Plaintiff's competitor, Defendant Perficient, Inc. with offices at 1410 Broadway, Borough of Manhattan, City and State of New York; 22 Cortlandt Street, Borough of Manhattan, City and State of New York, and in cities throughout the country.

22. Perficient, Inc., a company with over 2,000 employees and a revenue of almost half a million dollars as of 2014, is a competitor of the Plaintiff.

23.     Perficient Inc.'s recruitment director, Jeanette Gomez, cooperated with Brading in the solicitation of Plaintiff's personnel via email and social media.

24.     Brading provided Gomez confidential information that she obtained while working for Plaintiff including the identities, experience and contact information of certain individuals that were employed by Plaintiff.

25.     Gomez utilized the information obtained from Brading to herself solicit Plaintiff's personnel.

26.     Gomez attempted to persuade numerous individuals that were employed by Plaintiff into terminating their agreements with Plaintiff.

27. During the period of time Defendant Brading was employed by the Plaintiff, Defendant Brading regularly solicited from customers located in the State of New York.

28. During the period of time Defendant Perficient, Inc. has continually hired employees solicited by Defendant Brading while Defendant Brading was and is employed by Perficient, Inc.

29.     Defendants were aware that the solicitation and recruiting of Plaintiff's employees was a direct violation of Defendant Brading's contracts with the Plaintiff that would injure and did injure the Plaintiff herein in this State and elsewhere.

30. Defendants were aware that the use of confidential information concerning Plaintiff's employees was a violation of contracts between the employees and Plaintiff that would injure and did injure the Plaintiff herein in this State and elsewhere.

31.     Defendants were aware that the solicitation and recruiting of Plaintiff's employees was a tortious act that would injure and did injure the Plaintiff herein in this State in this State and elsewhere.

32. Defendants were aware that the solicitation and recruiting of Plaintiff's employees was a direct violation of the non-compete clauses contained in the Plaintiff's employees contracts and that such violation would and did injure the Plaintiff financially.

33. After being served with the Complaint in this action, on or about October 23, 2015, Defendant Brading sought to publish a disparaging post on the Six Dimensions, Inc. Twitter page which was intended to further harm the Plaintiff.

34. Upon information and belief, after being served with a TRO and Preliminary Injunction prohibiting Brading from soliciting or sharing confidential information about Plaintiff's employees, Defendant Brading violated the injunction by causing the solicitation to continue by and through others, including Perficient's recruiting director, Jeanette Gomez.

## COUNT I

## TORTIOUS INTERFERENCE WITH CONTRACT

35. The Plaintiff repeats and reiterates each and every allegation contained in paragraphs 1 through 34 above as though fully set forth at length herein.

36. Shortly after her separation in June of 2015, Defendant Brading began approaching employees in the Plaintiff's technical department upon which Defendant Brading was aware the Plaintiff relied in order to provide the technical services that are at the core of Plaintiff's business.

37. Defendant Brading's actions were ratified and encouraged by defendant Perficient, Inc.

38. Defendant Perficient, Inc. was a co-conspirator in the raid upon the Plaintiff's employees by not only accepting the personnel that were extracted from the Plaintiff, but by

assisting and encouraging the solicitation with actual and/or constructive knowledge of the contracts with the Plaintiff that precluded the solicitation and sharing of confidential information.

39. Perficient, Inc.'s director of recruiting, Jeanette Gomez began affirmatively working with Brading in the solicitation.

40. Gomez obtained confidential information about the Plaintiff's employees and used that information to solicit them for Perficient, Inc.

41. Defendants asked and encouraged Plaintiff's employees to terminate their agreements with Plaintiff and instead join Perficient.

42. Defendants pitched Plaintiff's employees, claiming that Perficient offered benefits and economic advantages superior to those provided by the Plaintiff.

43. Many of the employees that Defendants approached did not discuss with Plaintiff the offers/claims that Defendants were making to them, and instead, resigned from the Plaintiff's employ, immediately joining the workforce of Perficient thereafter.

44. Said resignations caused by Defendants improper solicitation of Plaintiff's employees, has caused substantial damage to Plaintiff and will cause Plaintiff to suffer further damage.

45. The Plaintiff invested substantial resources in training the employees that Defendants solicited and Plaintiff relied upon the services that were provided by the groups of employees that Plaintiff solicited and resigned from Plaintiff's employ as a result of Defendants improper solicitation.

46. Plaintiff has lost not only the investment in training of the employees that Defendants solicited, but has lost the ability to provide for customer needs on a timely basis and has placed strain on other departments and other employees and Defendants' actions have impacted adversely the Plaintiff's good will and employee morale at the Plaintiff's company.

47. There was a contract between the Plaintiff and each of the employees that resigned from the Plaintiff's employ.

48. The breach of the employees' contracts with the Plaintiff was induced by Defendants' solicitation.

49. Defendants solicited each of the employees to breach their contract with the Plaintiff and work for Perficient.

50. After such solicitation, the employees did in fact terminate their contracts with the Plaintiff.

51. Plaintiff has been damaged in its loss of good will, its loss in revenue from the employees that terminated their contracts with the Plaintiff, loss in resources invested in training the employees, loss of good will and employee morale.

## COUNT II

### UNFAIR COMPETITION CALIFORNIA BUSINESS AND PROFESSIONS CODE SECTION 17200 – Defendant Brading

52. The Plaintiff repeats and reiterates each and every allegation contained in paragraphs 1 through 51 above as though fully set forth at length herein.

53. California's statutory unfair competition laws broadly prohibit unlawful and unfair business acts.  See California DPC §17200 *et seq.*

54. It is an unfair practice for a former employee to assist a competitor in poaching and raiding the former employer's employee pool in order to both damage the former employer and enhance the employee pool of the new employer/Plaintiff's competitor.

55. Here, Defendant Brading utilized her familiarity with the Plaintiff's employees to impermissibly approach them in a direct solicitation context.

56. Defendant Brading approached employees with one purpose and one goal in mind - to cause them to terminate their contracts with the Plaintiff and to enhance Plaintiff's competitor's workforce by joining Plaintiff's competitor's workforce.

57. Defendant Brading was aware that the skills and talent provided by the employees that she was soliciting were integral to the Plaintiffs infrastructure and nevertheless sought them out to terminate their contracts with the Plaintiff, and succeeded in at least five instances where employees advised the Plaintiff that they were terminating their contracts with the Plaintiff. This occurred after these employees were approached and solicited by the Defendant herein, Lynn Brading.

58. Ms. Brading thought only of her goal to simultaneously damage the Plaintiff and enhance the economic power of her current employer, Perficient.

59. Ms. Brading was aware that her conduct was not only a tortiuous act under the laws of many states including California, the law of which she agreed would govern her acts, but she was also aware that her conduct directly violated an explicit provision of her contract with the Plaintiff before she began her campaign to raid the Plaintiff's employee pool.

60. Ms. Brading's conduct is clearly an unfair act under the California Business and Professions Code, which Ms. Brading blatantly violated in many respects by her conduct.

## COUNT III

## TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE

61. The Plaintiff repeats and reiterates each and every allegation contained in paragraphs 1 through 60 above as though fully set forth at length herein.

62. The employees that terminated their contracts with the Plaintiff after being solicited by Defendants, would have provided economic advantages to the Plaintiff had they not terminated their contracts.

63. The employees that terminated their contracts with the Plaintiff as a result of Defendants' solicitation and interference, would have enhanced the Plaintiff's ability to service customers, would have provided good will to the Plaintiff, and would have provided very real economic benefits to the Plaintiff in terms of billed hours for work that they were steadily performing for the Plaintiff prior to their termination of their contracts with the Plaintiff.

64. Had Defendants not interfered with these employees, had they not solicited these employees, and had they not persuaded these employees to terminate their relationships with the Plaintiff, these employees would have continued to work for the Plaintiff and caused the Plaintiff to earn substantial sums based upon the hours that they would regularly bill, income that ceased upon their termination of their contracts with the Plaintiff.

65. Plaintiff had an ongoing business and contractual relationship with its employees and Plaintiff was benefitting from those relationships by earning revenue and developing client relationships through its employees.

66. Defendant Perficient, Inc. was at all relevant times aware of these business and contractual relationships.

67. Perficient utilized methods which were dishonest, unfair, in order to and improper interfere with Plaintiff's business relationships.  Perficient obtained confidential information regarding Plaintiff's employees and employment agreements and in an improper, dishonest, or unfair manner utilized this information to interfere with Plaintiff's business relationships.

68. Perficient induced, enticed, or otherwise encouraged Plaintiff's employees to breach their contractual and business relationships with Plaintiff by soliciting employees and employing said individuals in direct competition with Plaintiff

69. Perficient obtained confidential information regarding Plaintiff's employees and employment agreements and in an improper, dishonest, or unfair manner utilized this information to interfere with Plaintiff's business relationships.

70. Perficient induced, enticed, or otherwise encouraged Plaintiff's employees to breach their contractual and business relationships with Plaintiff by soliciting employees and employing said individuals in direct competition with Plaintiff.

71. Defendants conduct will cause the Plaintiff irreparable harm because Dimensions invested invaluable training in its current employees, relies upon them to stay in business.

72. Despite the issuance of a Preliminary Injunction on November 6, 2015, Defendants are continuing to interfere with Plaintiff's business by and through Gomez and others, and unless halted by this Court will continue to raid Dimensions' workforce.

## COUNT IV

## BREACH OF CONTRACT

73. Plaintiff repeats, reiterates, and realleges each and every statement in Paragraphs 1 – 72 as if fully set forth herein.

74. Defendant Brading signed an employment agreement, dated August 24, 2014 ("Employment Agreement"), to be employed by Dimensions.

75. Section 8(a) of the Employment Agreement states in sum and substance that Defendant Brading will not directly or indirectly solicit or recruit, any employee or consultant of Dimensions to work for a third party or assist any third party, person or entity to solicit, recruit or hire any employee or consultant of the company or knowingly engage in any activity that would cause any employee or consultant to violate any agreement with the company for a period of two (2) years after termination.

76. On June 18, 2015, Defendant Brading signed a Termination Certification with Plaintiff reiterating the prohibition against solicion and sharing of confidential information described in paragraph 75 herein.

77. Defendants were aware that their actions were in violation of the contracts of employment with Plaintiff.

78. Defendant Brading actively solicited employees of Dimensions to leave Dimensions which direct solicitation is a breach of the Employment Agreement.

79. Defendant Brading indirectly solicited Plaintiff's employees and engaged in activity that would cause Plaintiff's employees from terminating their agreements with Plaintiff.

80. Defendant Brading shared confidential information concerning the Plaintiff's employees with Perficient, Inc. which was utilized by Perficient itself to join in Brading's solicitation and recruitment efforts with the ratification and assistance of Brading.

81. As a result of Defendant Brading's breach of contract, Defendant Brading is liable to Plaintiff for damages including but not limited to compensatory, incidental and consequential damages.

## COUNT V

## TORTIOUS INTERFERENCE WITH NON-COMPETE AGREEMENT AS TO PERFICIENT, INC.

82. Plaintiff repeats, reiterates, and realleges each and every statement in Paragraphs 1 – 81 as if fully set forth herein.

83. Upon information and belief, Defendant Perficient, Inc. at all times relevant herein, was aware of the non-compete clause included in Plaintiffs' employees' employment agreements.

84. Defendant Perficient, Inc. has continually induced Plaintiff's employees to breach their non-compete agreements with Plaintiff by offering employment in highly competitive roles with Perficient, Inc., a direct competitor of Plaintiff, who services or supplies, or seeks to service or supply, clients of Plaintiff.

85. Defendant Perficient was and is tortiously interfering with the non-compete agreements by causing, inducing, and facilitating breach of the non-compete agreements.

86. The employees' breach and termination of their agreements with Plaintiff has caused Plaintiff monetary damages.

WHEREFORE, Plaintiff demands judgment against the Defendants as follows:

    i.    Enjoining Defendants, pursuant to Fed.R.Civ.P. 65, from directly or indirectly soliciting or recruiting, any employee or consultant of Dimensions to work for a third party or assist any third party, person or entity to solicit or recruit any employee or consultant of the company or knowingly engage in any activity that would cause any employee or consultant to violate any agreement with the company for a period of two (2) years from June 18, 2015;

    ii.    Enjoining Defendants pursuant to Fed.R.Civ.P. 65, from cooperating and/or encouraging employees acquired from Plaintiff to directly or indirectly solicit, entice or induce any employee, customer or supplier of Plaintiff to become an employee, customer or supplier of any other person or entity engaged in any activity competitive with Plaintiff;

    iii.    Monetary damages caused by Defendants' conduct in an amount to be determined;

    iv.    Punitive Damages due to Defendants' tortious conduct in an amount to be determined;

    v.    Attorneys' fees and Costs as provided by law.

Dated: New York, New York
November 27, 2015

    Respectfully Submitted,

    THE BOSTANY LAW FIRM, PLLC

    By:___s/John P. Bostany_____
    John P. Bostany(JB1986)
    Attorney for Plaintiff
    40 Wall Street, 28th floor
    New York, New York 10005
    (212) 530-4400

# **VERIFICATION**

**TEJUNE KANG** hereby declares, under penalty of perjury pursuant to 28 U.S.C. § 1746, as follows:

1. I am the CEO of plaintiff in this action.

2. I have read the foregoing First Amended Complaint and know the contents thereof. The same is true to my knowledge except as to the matters stated to be alleged on information and belief and as to those matters I believe them to be true.

Dated: New York, New York
November 27, 2015

                                            _s/ Tejune Kang_____
                                            TEJUNE KANG