UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
SIX DIMENSIONS, INC.,

               Plaintiff,    **SECOND AMENDED COMPLAINT**

- against -    Civil Action No:  15CV08309(PGG)(JLC)

PERFICIENT, INC. and LYNN M. BRADING,

               Defendants.
----------------------------------------------------------------X

Plaintiff Six Dimensions, Inc. ("Dimensions") by and through its attorneys, The Bostany Law Firm PLLC, brings this Second Amended Complaint against Defendants Lynn M. Brading and Perficient, Inc. alleging as follows:

## PARTIES

1. Six Dimensions is a corporation, duly organized and existing under the laws of the State of Nevada, with its principal place of business at 17 State Street, New York, New York.

2. "Six Dimensions, Inc. is a corporation that was organized under the laws of the State of California on February 9, 2004 under the name Initial Koncepts, Inc. (d/b/a Six Dimensions).  On June 27, 2014, Initial Koncepts converted to a Nevada corporation named Six Dimensions, Inc." *See* September 4, 2014 Information Statement filed with the SEC.

    http://www.sec.gov/Archives/edgar/data/1382219/000119312514332115/d746263ddef14c.htm. See also,

    http://www.sec.gov/Archives/edgar/data/1382219/000119312514245690/d748872dsc14f1.htm

3. Subsequently, Six Dimensions, Inc. became a wholly owned subsidiary of 6D Global Technologies, Inc.:

> "This Information Statement is being furnished to the shareholders of CleanTech Innovations, Inc. (the "Company") on or about September 4, 2014 in connection with: (i) the proposed share exchange (the "Exchange") with Six Dimensions, Inc., a Nevada corporation ("Six Dimensions") for 88,929,203 shares (the "Exchange Shares") of the Company's common stock, par value $0.00001 per share (the "Common Stock"); (ii) amendments to the Articles of Incorporation of the Company to(A) change the name of the Company to "6D Global Technologies, Inc." (the "Name Change")… and (v) conversion of the Company from a Nevada corporation to a Delaware corporation (the "Reincorporation")
>
> …
>
> As a result of the Exchange, Six Dimensions will become a wholly-owned subsidiary of the Company."

http://www.sec.gov/Archives/edgar/data/1382219/000119312514332115/d746263ddef14c.htm

4. Dimensions is now a wholly owned subsidiary of 6D Global Technologies, Inc. (hereinafter "SIXD").

5. SIXD is a corporation, duly organized and existing under the laws of the State of Delaware, with its principal place of business at 17 State Street, New York, New York.

6. SIXD is a NASDAQ listed company publically trading under the stock symbol SIXD.

7. Defendant Lynn M. Brading is an individual residing at 6523 Tree View Drive, Liberty Township, Ohio 45044.

8. Brading is a citizen of the State of Ohio.

9. Perficient, Inc. is a Delaware corporation registered to do business in the state of New York, with offices located at 22 Cortlandt Street and 1410 Broadway in the borough

2

of Manhattan.

10. Jeanette Gomez is the Director of Recruiting at Perficient, Inc.

11. Jeanette Gomez works out of the Dallas, Texas office of Perficient, Inc.

12. Jeanette Gomez resides in the State of Texas.

13. At all times relevant hereto, Jeanette Gomez was part of the recruiting department at Perficient, Inc.

## JURISDICTION AND VENUE

14. This Court's jurisdiction is based upon 28 U.S.C. § 1332 in that the plaintiff and defendants are citizens of diverse jurisdictions and the amount in controversy exceeds $75,000 exclusive of interest and costs.

15. Venue is proper in this District Court pursuant to the provisions of 28 U.S.C. 1391(b).

16. Ms. Brading communicated regularly with Plaintiff's management at its principal place of business located at 17 State Street in the Borough of Manhattan, City and State of New York.

17. While working for Plaintiff, Ms. Brading was a Manager of Channel Partner Relations in charge primarily of the Adobe Systems partnership, which required her to travel to various cities in the country and overseas to sell Dimensions' Adobe training, servicing and license sales.

18. Defendant Brading would regularly visit the State of New York in order to effectuate her responsibilities for the Plaintiff.

19. While employed by Plaintiff, Defendant Brading would communicate regularly with Plaintiff's management in New York.

3

20. Upon information and belief, Defendants are today regularly soliciting business from customers located in New York for Defendant Perficient's business.

21. Defendants derived and derive substantial revenue from interstate commerce.

22. Defendant Brading coordinated conferences in numerous states throughout the country and overseas in order to sell the services that were provided by the Plaintiff.

23. California law applies to claims against Defendant Brading except for the violation of the injunction which was entered by a New York federal judge and is governed by federal law.

24. New York law applies to the claims against Defendant Perficient, Inc. except for the violation of the injunction which was entered by a New York federal judge and is governed by federal law.

## **FACTUAL ALLEGATIONS**

25. Following a disagreement concerning certain sales minimums, Defendant Brading resigned from Plaintiff.

26. Defendant Brading then became the Adobe Alliance Manager for Plaintiff's competitor, Perficient, Inc. with offices at 1410 Broadway, Borough of Manhattan, City and State of New York; 22 Cortlandt Street, Borough of Manhattan, City and State of New York, and in cities throughout the country.

27. Perficient, Inc., a company with over 2,000 employees and a revenue of almost half a million dollars as of 2014, is a competitor of the Plaintiff.

28. Jeanette Gomez, cooperated with Brading in the solicitation of Plaintiff's personnel via email and social media.

29. Prior to contacting any of Plaintiff's employees, Gomez was aware of the agreement between Brading and Plaintiff.

30.     Prior to contacting any of Plaintiff's employees, Gomez inquired as to the existence of an agreement between Brading and Plaintiff.

31.     Brading provided Gomez confidential information that she obtained while working for Plaintiff including the identities, experience and contact information of certain individuals that were employed by Plaintiff.

32.     Gomez utilized the information obtained from Brading to herself solicit Plaintiff's personnel.

33.     Gomez attempted to persuade numerous individuals that were employed by Plaintiff into terminating their agreements with Plaintiff.

34.     During the period of time Defendant Brading was employed by the Plaintiff, Defendant Brading regularly solicited from customers located in the State of New York.

35.     During the period of time Defendant Perficient, Inc. has continually hired employees solicited by Defendant Brading with Defendant Brading was and is employed by Perficient, Inc.

36.     Defendants were aware that the solicitation and recruiting of Plaintiff's employees was a direct violation of Defendant Brading's contracts with the Plaintiff that would injure and did injure the Plaintiff herein in this State and elsewhere.

37.     Defendants were aware that the use of confidential information concerning Plaintiff's employees was a violation of contracts between the employees and Plaintiff and would injure and did injure the Plaintiff herein in this State and elsewhere.

38.     Defendants were aware that the solicitation and recruiting of Plaintiff's employees was a tortious act that would injure and did injure the Plaintiff herein in this State and elsewhere.

39.     Defendants were aware that the solicitation and recruiting of Plaintiff's employees was a direct violation of the non-compete clauses contained in the Plaintiff's employees contracts and that such violation would and did injure the Plaintiff financially.

40. After being served with the Complaint in this action, on or about October 23, 2015, Defendant Brading sought to publish a disparaging post on the Six Dimensions, Inc. Twitter page which was intended to further harm the Plaintiff.

41. Upon information and belief, after being served with a TRO and Preliminary Injunction prohibiting Brading from soliciting or sharing confidential information about Plaintiff's employees, Defendant Brading violated the injunction by causing the solicitation to continue by and through others, including Perficient's recruiting director, Jeanette Gomez.

## COUNT I

## TORTIOUS INTERFERENCE WITH CONTRACT

42. The Plaintiff repeats and reiterates each and every allegation contained in paragraphs 1 through 41 above as though fully set forth at length herein.

43. Shortly after her separation in June of 2015, Defendant Brading began approaching employees in the Plaintiff's technical department upon which Defendant Brading was aware the Plaintiff relied in order to provide the technical services that are at the core of Plaintiff's business.

44. Defendant Brading's actions were ratified and encouraged by defendant Perficient, Inc.

45. Defendant Perficient, Inc. was a co-conspirator in the raid upon the Plaintiff's employees by not only accepting the personnel that were extracted from the Plaintiff, but by assisting and encouraging the solicitation with actual and/or constructive knowledge of the contracts with the Plaintiff that precluded the solicitation and sharing of confidential information.

46. Perficient Inc.'s director of recruiting, Jeanette Gomez began affirmatively working with Brading in the solicitation.

47. Gomez obtained confidential information about the Plaintiff's employees and used that information to solicit them for Perficient, Inc.

48. Defendants asked and encouraged Plaintiff's employees to terminate their agreements with the Plaintiff and instead join Perficient.

49. Defendants pitched Plaintiff's employees, claiming that Perficient offered benefits and economic advantages superior to those provided by the Plaintiff.

50. Many of the employees that Defendants approached did not discuss with Plaintiff the offers/claims that Defendants were making to them, and instead, resigned from the Plaintiff's employ, immediately joining the workforce of Perficient thereafter.

51. Said resignations caused by Defendants' improper solicitation of Plaintiff's employees, have caused substantial damage to Plaintiff and will cause Plaintiff to suffer further damage.

52. The Plaintiff invested substantial resources in training the employees that Defendants solicited and Plaintiff relied upon the services that were provided by the groups of employees that Plaintiff solicited and resigned from Plaintiff's employ as a result of Defendants' improper solicitation.

53. Plaintiff has lost not only the investment in training of the employees that Defendants solicited, but has lost the ability to provide for customer needs on a timely basis and has placed strain on other departments and other employees and Defendants' actions have impacted adversely the Plaintiff's good will and employee morale at the Plaintiff's company.

54. There was a contract between the Plaintiff and each of the employees that separated from the Plaintiff's employ following solicitations from the Defendants.

55. To date, the following employees were solicited by the Defendants and are no longer working for Plaintiff:

| First Name | Last Name | Departure Date |
|---|---|---|
| Sothea | Nim | 11/18/2015 |
| Nick | Whittenburg | 10/21/2015 |
| Eddie | Yao | 10/23/2015 |
| Dan | Klco | 10/9/2015 |
| Ryan | McCullough | 11/10/2015 |
| Aaron | Price | 10/23/2015 |
| Matt | Shields | 10/22/2015 |

56. The breach of the employees' contracts with the Plaintiff was induced by Defendants' solicitation.

57. Defendants solicited each of the employees to breach their contract with the Plaintiff and work for Perficient.

58. After such solicitation, the employees did in fact terminate their contracts and/or stop working for the Plaintiff.

59. Plaintiff has been damaged in its loss of good will, its loss in revenue from the employees that terminated their contracts with the Plaintiff, loss in resources invested in training the employees, and loss of employee morale in the amount of $1,159,688.00.

60. Plaintiff seeks $1,159,688.00 in compensatory damages.

61. Plaintiff seeks $250,000.00 in punitive damages against Defendant Brading for her tortious interference with contract.

62. Plaintiff seeks $250,000.00 in punitive damages against Defendant Perficient, Inc. for its tortious interference with contract.

## COUNT II

## UNFAIR COMPETITION CALIFORNIA BUSINESS AND PROFESSIONS CODE SECTION 17200 – Defendant Brading

63.     The Plaintiff repeats and reiterates each and every allegation contained in paragraphs 1 through 62 above as though fully set forth at length herein.

64.     California's statutory unfair competition laws broadly prohibit unlawful and unfair business acts.  See California DPC §17200 *et seq.*

65.     It is an unfair practice for a former employee to assist a competitor in poaching and raiding the former employer's employee pool in order to both damage the former employer and enhance the employee pool of the new employer/Plaintiff's competitor.

66.     Here, Defendant Brading utilized her familiarity with the Plaintiff's employees to impermissibly approach them in a direct solicitation context.

67.     Defendant Brading approached employees to cause them to terminate their contracts with the Plaintiff and to enhance Plaintiff's competitor's workforce by joining Plaintiff's competitor's workforce.

68.     Defendant Brading was aware that the skills and talent provided by the employees that she was soliciting were integral to the Plaintiffs infrastructure and nevertheless sought them out to terminate their contracts with the Plaintiff, and succeeded in at least five instances where employees advised the Plaintiff that they were terminating their contracts with the Plaintiff.  This occurred after these employees were approached and solicited by the Defendant herein, Lynn Brading.

69. Ms. Brading was aware that her conduct was not only a tortious act under the laws of many states including California, the law of which she agreed would govern her acts, but she was also aware that her conduct directly violated an explicit provision of her contract with the Plaintiff before she began her campaign to raid the Plaintiff's employee pool.

70. Ms. Brading's conduct is clearly an unfair act under the California Business and Professions Code, which Ms. Brading blatantly violated in many respects by her conduct.

71. Plaintiff seeks a permanent injunction as set forth in the *ad damnum* clause as to Brading along with attorney's fees and costs.

## COUNT III

## TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE

72. The Plaintiff repeats and reiterates each and every allegation contained in paragraphs 1 through 71 above as though fully set forth at length herein.

73. The employees that terminated their contracts with the Plaintiff after being solicited by Defendants, would have provided economic advantages to the Plaintiff had they not terminated their contracts.

74. The employees that terminated their contracts with the Plaintiff as a result of Defendants' solicitation and interference, would have enhanced the Plaintiff's ability to service customers, would have provided good will to the Plaintiff, and would have provided very real economic benefits to the Plaintiff in terms of billed hours for work that they were steadily performing for the Plaintiff prior to their termination of their contracts with the Plaintiff.

75. Had Defendants not interfered with these employees, had they not solicited these employees, and had they not persuaded these employees to terminate their relationships with the Plaintiff, these employees would have continued to work for the Plaintiff and caused the Plaintiff to earn substantial sums based upon the hours that they would regularly bill, income that ceased

10

upon their termination of their contracts with the Plaintiff.

76. Plaintiff had an ongoing business and contractual relationship with its employees and Plaintiff was benefitting from those relationships by earning revenue and developing client relationships through its employees.

77. Defendant Perficient, Inc. was at all relevant times aware of these business and contractual relationships.

78. Perficient utilized methods which were dishonest, unfair, in order to and improperly interfere with Plaintiff's business relationships. Perficient obtained confidential information regarding Plaintiff's employees and employment agreements and in an improper, dishonest, or unfair manner utilized this information to interfere with Plaintiff's business relationships.

79. Perficient induced, enticed, or otherwise encouraged Plaintiff's employees to breach their contractual and business relationships with Plaintiff by soliciting employees and employing said individuals in direct competition with Plaintiff.

80. Perficient obtained confidential information from Plaintiff's employees in violation of their agreements and in an improper, dishonest, or unfair manner utilized this information to interfere with Plaintiff's business relationships.

81. Perficient induced, enticed, or otherwise encouraged Plaintiff's employees to breach their contractual and business relationships with Plaintiff by soliciting employees and employing said individuals in direct competition with Plaintiff.

82. Defendants' conduct will cause the Plaintiff irreparable harm because Dimensions invested invaluable training in its current employees and relies upon them to stay in business.

83. Despite the issuance of a Preliminary Injunction on November 6, 2015, Defendants are continuing to interfere with Plaintiff's business by and through Gomez and others, and unless halted by this Court will continue to raid Dimensions' workforce.

84. Plaintiff seeks $1,159,688.00 in compensatory damages against both Defendants.

85. Plaintiff seeks $250,000.00 in punitive damages for tortious interference with prospective economic advantage as to Defendant Brading.

86. Plaintiff seeks $3,000,000.00 in punitive damages for tortious interference with prospective economic advantage as to Defendant Perficient, Inc.

## COUNT IV

## BREACH OF CONTRACT

87. Plaintiff repeats, reiterates, and realleges each and every statement in Paragraphs 1 – 86 as if fully set forth herein.

88. Defendant Brading signed an employment agreement, dated August 24, 2014 ("Employment Agreement"), with Dimensions.

89. Section 8(a) of the Employment Agreement states in sum and substance that Defendant Brading will not directly or indirectly solicit or recruit, any employee or consultant of Dimensions to work for a third party or assist any third party, person or entity to solicit, recruit or hire any employee or consultant of the company or knowingly engage in any activity that would cause any employee or consultant to violate any agreement with the company for a period of two (2) years after termination.

90. On June 18, 2015, Defendant Brading signed a Termination Certification with Plaintiff reiterating the prohibition against solicitation and sharing of confidential information.

91. Defendants were aware that their actions were in violation of the contracts of employment with Plaintiff.

92. Defendant Brading actively solicited employees of Dimensions to leave Dimensions which direct solicitation is a breach of the Employment Agreement.

12

93. Defendant Brading indirectly solicited Plaintiff's employees and engaged in activity that would cause Plaintiff's employees to terminate their agreements with Plaintiff.

94. Defendant Brading shared confidential information concerning the Plaintiff's employees with Perficient, Inc. which was utilized by Perficient itself to join in Brading's solicitation and recruitment efforts with the ratification and assistance of Brading.

95. As a result of Defendant Brading's breach of contract, Defendant Brading is liable to Plaintiff for damages including but not limited to compensatory, incidental and consequential damages.

96. Plaintiff seeks $1,159,688.00 in compensatory damages against Defendant Brading.

## COUNT V

### TORTIOUS INTERFERENCE WITH NON-COMPETE AGREEMENT AS TO PERFICIENT, INC.

97. Plaintiff repeats, reiterates, and realleges each and every statement in Paragraphs 1 – 96 as if fully set forth herein.

98. Upon information and belief, Defendant Perficient, Inc. at all times relevant herein, was aware of the non-compete clause included in Plaintiff's employees' employment agreement.

99. Defendant Perficient, Inc. has continually induced Plaintiff's employees to breach their non-compete agreements with Plaintiff by offering employment in highly competitive roles with Perficient, Inc., a direct competitor of Plaintiff, who services or supplies, or seeks to service or supply, clients of Plaintiff.

100. Defendant Perficient was and is tortiously interfering with the non-compete agreements by causing, inducing, and facilitating breach of the non-compete agreements.

101. The employees' breach and termination of their agreements with Plaintiff has caused Plaintiff monetary damages.

102. Plaintiff seeks $1,159,688.00 in compensatory damages against Defendant Perficient, Inc.

103. Plaintiff seeks $3,000,000.00 in punitive damages for tortious interference with non-compete agreement as to Defendant Perficient, Inc.

## COUNT VI

## MISAPPROPRIATION, ACQUISITION OR THEFT OF TRADE SECRETS

104. Plaintiff repeats, reiterates, and realleges each and every statement in Paragraphs 1 – 103 as if fully set forth herein.

105. Defendant Perficient, Inc. is using and knowingly has used trade secrets in an effort to not only compete with Plaintiff, but to interfere with Plaintiff's relationships with its customers and employees.

106. Defendants impermissibly obtained, misappropriated, acquired and or participated in breach of a duty to Plaintiff in obtaining trade secrets from the Plaintiff.

107. Defendants obtained the trade secrets for the purposes of both damaging the Plaintiff economically and at the same time advancing the competitive and economic standing of Perficient, Inc.

108. Defendants utilized trade secrets to solicit Plaintiff's customers, including Medtronics, Inc.

109. Ryan McCullough an employee of Plaintiff formerly assigned to Plaintiff's Medtronics account, was intimately involved in the preparation of what is known as an "RFP" to Medtronics.  RFP's abbreviations of "Request for Proposal" are used by both the vendor and the customer to achieve a scope of work at an acceptable price to both parties.

110. Upon information and belief, McCullough, at the behest, approval and encouragement of Perficient, Inc. utilized his knowledge of the Plaintiff's RFP to Medtronics to assist Perficient in preparing its own RFP to Medtronics which Perficient used and is using to persuade Medtronics to terminate its relationship with Plaintiff.

111. While in Plaintiff's employ, Dan Klco, a computer programmer, authored a new OSGi console plugin which he published on the Adobe Apache Sling website and advertised via a blog on Plaintiff's website.

112. Almost immediately after Klco joined Perficient, Perficient published a similar blog on its own website touting the OSGi console plugin without authorization from Plaintiff.

113. Defendant Perficient, Inc. and its employees used and are using Plaintiff's trade secrets to obtain a competitive advantage that they would not otherwise have enjoyed.

114. Defendants' use of Plaintiff's trade secrets provide an unfair competitive advantage to Defendant Perficient, Inc.

115. Plaintiff seeks $1,159,688.00 in compensatory damages against both Defendants.

## COUNT VII

### VIOLATION OF UNIFORM TRADE SECRETS ACT Cal. Civ. Code § 3426

116. Plaintiff repeats, reiterates, and realleges each and every statement in Paragraphs 1 –115 as if fully set forth herein.

117. Defendant Brading obtained trade secrets from Plaintiff via improper means, breach of a duty, theft and/or misappropriation.

118. Defendant Brading's conduct harmed Plaintiff as hereinbefore described to the extent of $1,159,688.00.

119. Ms. Brading encouraged Plaintiff's employees including but not limited to Ryan McCullough to breach his contract with the Plaintiff by sharing trade secrets relating to Plaintiff's customers with Perficient, Inc. so that Perficient, Inc. could unfairly compete with the Plaintiff.

120. Perficient utilized the Plaintiff's trade secrets to compete with the Plaintiff and is using Plaintiff's trade secrets to actively pitch Medtronics, Inc. to terminate its relationship with Plaintiff.

WHEREFORE, Plaintiff demands judgment against the Defendants as follows:

　i.　On all Counts, enjoining Defendants, pursuant to Fed.R.Civ.P. 65, from directly or indirectly soliciting or recruiting, any employee or consultant of Plaintiff to work for a third party or assist any third party, person or entity to solicit or recruit any employee or consultant of the company or knowingly engage in any activity that would cause any employee or consultant to violate any agreement with the Plaintiff for a period of two (2) years from June 18, 2015;

　ii.　On all Counts, enjoining Defendants, pursuant to Fed.R.Civ.P. 65, from cooperating and/or encouraging employees acquired from Plaintiff to directly or indirectly solicit, entice or induce any employee, customer or supplier of Plaintiff to become an employee, customer or supplier of any other person or entity engaged in any activity competitive with Plaintiff;

　iii.　Compensatory damages on Counts I, III, IV, V, VI and VII, against both Defendants jointly, severally and alternatively in the amount of $1,159,688.00;

　iv.　Punitive damages against Defendant Brading for tortious interference with contract in the amount of $250,000.00.

16

     v.     Punitive damages against Defendant Perficient, Inc. for tortious interference with contract in the amount of $250,000.00.

     vi.     Punitive damages against Defendant Brading for tortious interference with prospective economic advantage in the amount of $250,000.00.

     vii.     Punitive damages against Defendant Perficient, Inc. for tortious interference with prospective economic advantage in the amount of $3,000,000.00.

     viii.     Punitive damages against Defendant Perficient, Inc. for tortious interference with non-compete agreement in the amount of $3,000,000.00.

     ix.     Attorneys' fees and Costs as provided by law.

Dated: New York, New York
December 21, 2015

Respectfully Submitted,

THE BOSTANY LAW FIRM, PLLC

By:___s/John P. Bostany_____
   John P. Bostany (JB1986)
   Attorneys for Plaintiff
   40 Wall Street, 28th floor
   New York, New York 10005
   (212) 530-4400

# VERIFICATION

**TANDY HARRIS** hereby declares, under penalty of perjury pursuant to 28 U.S.C. § 1746, as follows:

1. I am the Vice President of Global Human Resources for Plaintiff in this action.

2. I have read the foregoing Second Amended Complaint and know the contents thereof. The same is true to my knowledge except as to the matters stated to be alleged on information and belief and as to those matters I believe them to be true.

Dated:  New York, New York
        December 21, 2015

/s/ Tandy Harris_____
TANDY HARRIS