

100 Park Avenue | Suite 2500
New York, New York 10017
Tel 212-453-5900 | Fax 202-453-5959

Writer's Direct Dial:

PHILIP K. DAVIDOFF
212-453-5915
pdavidoff@fordharrison.com

January 8, 2016

**BY ECF**

The Honorable Paul G. Gardephe
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York

      Re:    Six Dimensions, Inc. v. Perficient, Inc. & Brading, No. 15-CV-8309 (PGG)(JLC)
            <u>Pre-Motion Conference Request</u>

Dear Judge Gardephe:

      We represent defendant Lynn Brading ("Defendant" or "Ms. Brading") in this action and respectfully request a pre-motion conference, pursuant to Your Honor's Individual Rules, for a Rule 12(b)(6) motion to dismiss all counts against Ms. Brading[1] in the second amended complaint ("SAC") filed by Six Dimensions, Inc. ("Plaintiff").  In addition to the grounds listed in Perficient, Inc.'s ("Perficient") pre-motion letter dated December 23, 2015 (Dkt. No. 51),[2] below is a brief discussion of the grounds for Ms. Brading's anticipated motion.

    1.  <u>Plaintiff Fails to State a Claim for Tortious Interference (Counts I, III)</u>

      Both of Plaintiff's tortious interference claims fail to state a claim and must be dismissed. Plaintiff's claim for tortious interference with *prospective economic advantage* requires an allegation of an intentional act that is independently wrongful beyond the fact of the interference itself.  *Reeves v. Hanlon*, 33 Cal. 4th 1140, 1152-53 (2004).  Plaintiff's allegations, however, amount to no more than solicitation in purported breach of Ms. Brading's employment contract, which is insufficient to form the basis of a tortious interference with prospective advantage claim.  *See*, *e.g.*, *First Advantage Background Servs. Corp. v. Private Eyes, Inc.*, 569 F. Supp. 2d 929, 937 (N.D. Cal. 2008) (rejecting breach of contract as support for tortious interference claim).[3]

---

[1] This includes all Counts I-VII except Count V, which is asserted only against Perficient, Inc.
[2] In particular, Ms. Brading respectfully incorporates Perficient's arguments as to venue in this letter.
[3] To the extent Plaintiff attempts to claim that its tortious interference claim is based on a purported violation of unfair competition law, the claim must be dismissed because, as discussed in paragraph 2 below, there is no sufficient allegation of such unfair competition.  Likewise, to the extent Plaintiff attempts to rely on misappropriated trade secrets as the basis of its tortious interference claim, the claim should be dismissed because, as discussed in paragraph 3 below, no trade secrets have been alleged.

The Honorable Paul G. Gardephe
January 8, 2016

Plaintiff's tortious interference *with contract* claim is also deficient. Plaintiff has not alleged any facts identifying the employee contracts with which Ms. Brading purportedly interfered. Instead, the complaint contains merely conclusory allegations, such as "[t]here was a contract between the Plaintiff and each of the employees . . . ." SAC ¶ 54. Such allegations are woefully insufficient. *See, e.g.*, *Wofford v. Apple Inc.*, No. 11-CV-0034 AJB NLS, 2011 WL 5445054, at *3-4 (S.D. Cal. Nov. 9, 2011) (dismissing tortious interference with contract claim where plaintiffs failed to identify specific obligations that were breached). Furthermore, in absence of any allegations of contractual terms to the contrary, Plaintiff's employees are presumed to be at-will, Cal. Lab. Code § 2922, and Plaintiff's claim is treated as a claim for tortious interference *with prospective economic advantage*, failing on the grounds noted above. *Reeves*, 33 Cal. 4th at 1152-53 (holding tortious interference with at-will contract claim has same standard as tortious interference with prospective economic advantage).

2. <u>Plaintiff Fails to State a Claim for Unfair Competition (Count II)</u>

Plaintiff also has not alleged a cognizable claim for an unfair competition under California's Unfair Competition Law ("UCL"). First, Plaintiff's claim fails because there is no alleged injury or misconduct in California and no basis for the extraterritorial application of the UCL. *See, e.g.*, *Wilson v. Frito-Lay N. Am., Inc.*, 961 F. Supp. 2d 1134, 1147 (N.D. Cal. 2013) (holding UCL "claims are not supported 'where none of the alleged misconduct or injuries occurred in California.'").

Moreover, Plaintiff has not alleged any acts that constitute a violation of UCL, which prohibits "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising . . . ." Cal. Bus & Prof. Code § 17200. Plaintiff contends that it was unfair competition for Defendant "to assist a competitor in poaching and raiding the former employer's pool . . . ." SAC ¶ 65. The recruitment of employees, however, absent unlawful means, which Plaintiff has not alleged, is not an unfair practice. *See, e.g.*, *Softchoice Corp. v. En Pointe Techs., Inc.*, No. SC088295, 2006 WL 3350798, at *1-2 (Cal. Super. Ct. Nov. 13, 2006) ("The hiring of experienced employees from a competitor is not an unfair business practice, without more.").

3. <u>Plaintiff Fails to State a Claim for Theft of Trade Secrets (Counts VI, VII)</u>

Plaintiff's latest causes of action for misappropriation of trade secrets also must be dismissed. Count VI, a common-law claim for misappropriation of trade secrets, cannot stand because it is pre-empted by California Uniform Trade Secrets Act ("CUTSA"), which Plaintiff independently asserts as Count VII. *See, e.g.*, *Robert Half Int'l, Inc. v. Ainsworth*, 68 F. Supp. 3d 1178, 1187 (S.D. Cal. 2014) ("Common law tort claims are displaced by the CUTSA where they are either 'based upon misappropriation of a trade secret ... or they are based upon no legally significant events at all.'").

Count VII, under CUTSA, is insufficient because Plaintiff fails to allege any specifics about the "trade secrets" purportedly stolen. *Pellerin v. Honeywell Int'l, Inc.*, 877 F. Supp. 2d 983, 988 (S.D. Cal. 2012) ("[T]the complainant should describe the subject matter of the trade secret with sufficient particularity to separate it from matters of general knowledge in the trade or special knowledge of those persons who are skilled in the trade, and to permit the defendant to ascertain at least the boundaries within which the secret lies."). The only information that

The Honorable Paul G. Gardephe
January 8, 2016

Plaintiff alleges Ms. Brading used is "the identities, experience and contact information of certain individuals that were employed by Plaintiff." SAC ¶ 31. This does not constitute a plausible claim for misappropriation of trade secrets—indeed, such information for Plaintiff's employees is publicly available online, including on LinkedIn. *See, e.g., Hilderman v. Enea TekSci, Inc.*, 551 F. Supp. 2d 1183, 1198 (S.D. Cal. 2008) (holding plaintiff had not established that contact information of customer or checklists were something not generally known or discoverable in the industry); Cal. Civ. Code § 3426.1(d) (defining "trade secret" as information, including a formula, pattern, compilation, program, device, method, technique, or process, that: (1) derives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use; and (2) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.).

   4.  Plaintiff Fails to State a Claim for Breach of Contract Claim (Count IV)

Finally, Plaintiff alleges Ms. Brading breached her employment contract—the heart of Plaintiff's entire case, since, as explained above, Plaintiff has not adequately alleged, nor could it allege, any other purported wrongdoing by Ms. Brading. Plaintiff's breach of contract claim, however, also fails to state a legally cognizable claim. First, there is no valid contract. Ms. Brading's employment contract was entered into by Initial Koncepts, Inc., an entity that did not exist at the time of the contract according to the allegations in the Second Amended Complaint. SAC ¶¶ 2, 88 (alleging Initial Koncepts was converted to another legal entity on June 27, 2014); Dkt. No. 12-1 (contract with Ms. Brading, incorporated by reference in the SAC). A non-existent entity lacks the capacity to enter into the contract and renders Ms. Brading's contract, and the non-solicitation provision therein, a nullity.

Second, assuming, *arguendo*, that the contract as a whole is valid, the non-solicit provisions imposed in her contract are facially unenforceable and overbroad under California law and public policy, Cal. Bus. & Prof. Code § 16600, which renders void "every contract by which anyone is restrained from engaging in lawful profession, trade, or business of any kind." *See, e.g., Couch v. Morgan Stanley & Co.*, No. 1:14-CV-10-LJO-JLT, 2015 WL 4716297, at *20 (E.D. Cal. Aug. 7, 2015) ("[T]he California courts have made clear that section 16600 provides an across-the-board prohibition on non-solicit clauses . . . .").

                                                        Sincerely,

                                                        /s *Philip K. Davidoff*

                                                        PHILIP K. DAVIDOFF
                                                        ROSHNI CHAUDHARI