# BOSTANY LAW FIRM PLLC

40 WALL STREET

NEW YORK, NEW YORK 10005

TEL: 212-530-4400

FAX: 212-530-4488

NEW JERSEY OFFICE

ONE GATEWAY CENTER
NEWARK, NJ 07102

March 10, 2016

Hon. Paul G. Gardephe
United States District Judge
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, New York 10007

        **RE:** *Six Dimensions, Inc. v. Perficient, Inc. et. Al.*
             15-cv-8309 (PGG)(JLC)

Your Honor:

    In my January 14, 2016 submission, on page 1, I cited Nevada case law demonstrating that the conversion of Initial Koncepts, Inc. to Six Dimensions, Inc. did not result in the forfeiture of the ability of the resulting entity to benefit from contracts in the name of the constituent entity. California law is to the same effect. "[T]he surviving corporation shall succeed ... to all the rights and property of each of the disappearing corporations and shall be subject to all the debts and liabilities of each in the same manner as if the surviving corporation had itself incurred them." *Meadows v. Bicrodyne Corp.*, 785 F.2d 670, 672 (9th Cir. 1986).

    The misnomer in one of the documents signed by Brading, is not grounds to invalidate the agreement. *FT Travel--New York, LLC v. Your Travel Ctr., Inc.*, 112 F. Supp. 3d 1063, 1084 (C.D. Cal. 2015) ("absent an allegation that, at the time of the contract, a Plaintiff was under an actual misapprehension that there was some other, unincorporated group with virtually the same name as that of the actual business entity, the Court will not permit the [parties] to capitalize on [a] technical naming error in contravention of the parties' evident intentions").

    Indeed, Ms. Brading executed a termination agreement with Six Dimensions, making no reference to Initial Koncepts, Inc. [Docket Entry 12-2]. Further, Brading's Acceptance of the Plaintiff's Offer of employment made clear that the contract was with "Six Dimensions, Inc." See **Exhibit E** annexed hereto. Brading cannot plausibly claim that she did not believe that she was binding herself to a contract with the Plaintiff . *FT Travel--New York, LLC v. Your Travel Ctr., Inc., supra.* See also *Ref. Co. v. Royal Oil Co.*, 102 Cal. App. 710, 712, 283 P. 856, 857 (Cal. Ct. App. 1929) ("The misnomer of a corporation in any written instrument does not invalidate the instrument, if it can be reasonably ascertained from it what corporation is intended").

Plaintiff's Supplemental Disclosures containing additional witness is respectfully annexed as **Exhibit F**. Notably, the Plaintiff's CEO Tejune Kang, its CFO Mark Szynkowski and its Chief of Human Resources Tandy Harris reside in New York and all three work at Plaintiff's headquarters in New York county. It would be a hardship for the Plaintiff for this case to proceed in a foreign jurisdiction in that these key employees would be required to be away from their offices and their critical roles that they have with the Plaintiff in order to be present for trial and trial preparation.

It is respectfully submitted that the Defendant has not carried its burden of demonstrating that venue should be changed based solely on the fact that several of the many witnesses that are involved in this matter reside in the jurisdiction of Defendant's choosing.[1] "These witnesses are under Defendant's control, however, and would therefore be available to testify in either venue". *Dentsply Int'l Inc. v. Dental Brands for Less LLC*, No. 15 CIV. 8775 (LGS), 2016 WL 868335, at *2 (S.D.N.Y. Mar. 4, 2016). *See also Kiss My Face Corp. v. Bunting*, 2003 WL 22244587, at *3 (S.D.N.Y. 2003) ("The convenience of the parties does not favor transfer when it would merely shift any inconvenience from Defendant to Plaintiff").

Respectfully,

s/ John P. Bostany

---

[1] I respectfully correct the last sentence of the second paragraph in my March 1, 2016 letter, to the extent that there is no current evidence demonstrating that Ms. Gomez traveled to New York City in 2015. But as discussed *infra*, this is a moot issue.