

222 South Central Avenue, Suite 900
St. Louis, MO 63105
*Phone* 314.863.0092 *Fax* 314.746.4848

Christopher M. Sanders
314.746.4809
csanders@lowenbaumlaw.com

March 11, 2016

**<u>VIA ECF</u>**

The Honorable Paul G. Gardephe
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 2204
New York, New York 10007

<div style="margin-left:2em">

Re:     *Six Dimensions, Inc. v. Perficient, Inc., et al.*
        Case No. 15-CV-08309 (PGG) (JLC)
        Pre-Motion Conference Request / Discovery Dispute

</div>

Dear Judge Gardephe:

Defendant Perficient, Inc. ("Defendant Perficient" or "Perficient") respectfully requests a pre-motion conference, pursuant to Your Honor's Individual Rules, for a motion to quash the subpoenas duces tecum served on Laura Merkle, Shannon Sumner, and Anoop Srikar, all of whom are current or former employees of Perficient. *See* Doc. #s 60, 61, & 62. The parties met and conferred regarding this issue by telephone on March 4, 2016, and via email on March 9 and 10, 2016, and write jointly respectfully requesting the Court's assistance.

*Defendant Perficient, Inc.'s Position*

On March 1, 2016, Plaintiff filed copies of subpoenas duces tecum on Laura Merkle, Shannon, Sumner, and Anoop Srikar, all of whom are current or former employees of Perficient. *See,* Doc. #s 60, 61, & 62. Perficient moves this Court to quash these subpoenas duces tecum for the following reasons.

First, Plaintiff's subpoenas require the individuals to whom they are directed to produce documents that are not within their possession, custody, or control. Under FED. R. CIV. P. 45, "a non-party may be required to produce for discovery materials which are in the non-party's possession, custody, or control." *Securities and Exchange Comm'n v. Credit Bancorp, Ltd.*, 194 F.R.D. 469, 471 (S.D.N.Y. 2000).[1] "[F]ederal courts have universally held that documents are deemed to be within the possession, custody or control of a party if the party has 'actual possession, custody or control of the materials or has the legal right to obtain the documents on demand.'" *American Maplan Corp. v. Heilmayr*, 203 F.R.D. 499, 501-02 (D. Kan. 2001).

---

[1] The meaning of "control" is the same under Rule 45, which governs discovery from non-parties, as the meaning under Rule 34. *See, First Am. Corp. v. Price Waterhouse LLP*, 154 F.3d 16, 21 (2d. Cir. 1998).

The Honorable Paul G. Gardephe
March 11, 2016
Page 2

In pertinent part, these subpoenas require Merkle, Srikar, and Sumner to appear on the designated date and time and to produce "[a]ll communications and/or documents pertaining to recruiting, hiring and/or solicitation, of any type, that include any of the names contained in Attachment A." *Id.* The documents sought are clearly documents that relate to Merkle's, Srikar's, and Sumner's employment with Perficient and actions that they purportedly took in their capacity as employees of Perficient. Stated somewhat differently, the documents sought by Plaintiff belong to, or are otherwise controlled by, Perficient, and not by Merkle, Srikar, or Sumner in their individual capacity.

But, discovery of documents from a party is <u>not</u> accomplished through the use of a subpoena duces tecum served on a non-party. *See*, *Contardo v. Merrill Lynch, Pierce, Fenner & Smith*, 119 F.R.D. 622 (D. Mass. 1988). "Subpoenas under Rule 45 are clearly not meant to provide an end-run around the regular discovery process under Rules 26 and 34." *Burns v. Bank of America*, 2007 WL 1589437, at * 14 (S.D.N.Y. June 4, 2007). Moreover, "a party cannot secure documents from an opposing party by serving a deposition subpoena *duces tecum* on an employee of the opposing party commanding production of the party's documents at a deposition . . . ." *Contardo*, 119 F.R.D. at 624.

Importantly, neither Merkle nor Srikar nor Sumner is a party to this action. Rather, Merkle, Srikar, and Sumner are or were ordinary employees of Perficient. The fact that Merkle, Srikar, or Sumner have or had mere access to certain documents belonging to Perficient does not mean that they have possession, custody, or control of the documents so as to produce them to Plaintiff's counsel. For example, in *American Maplan*, the court denied a motion to compel the defendant, president, and minority shareholder of a non-party corporation to produce documents belonging to the non-party corporation in a suit brought against him in his individual capacity. *See*, *American Maplan*, 203 F.R.D. at 501-02. *See also*, *In re Grand Jury Subpoena (Kent)*, 646 F.2d 963, 969 (5th Cir. 1981); *In re Hal G. Kuntz*, 124 S.W.3d 179, 183-84 (Tex. 2003) (mere access to relevant documents does not constitute "physical possession" of the documents and, therefore, employee could not be compelled to produce documents from his employer).

Therefore, the subpoenas duces tecum to Merkle, Srikar, and Sumner should be quashed as Plaintiff is seeking documents from a party (Defendant Perficient) that is properly and best accomplished via a request under Rule 34.

Second, Fed. R. Civ. P. 45 requires "[s]erving a subpoena requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering" the required witness fee. *Tube City IMS LLC v. Anza Capital Partners LLC*, 2014 WL 6361746, at *2 (S.D.N.Y. Nov. 14, 2014) (citations omitted). "The 'plain meaning' of Rule 45(c) requires simultaneous tendering of witness fees and the reasonably estimated mileage allowed by law with service of a subpoena." *Badman v. Stark*, 139 F.R.D. 601, 604 (M.D. Pa. 1991) citing *C F & I Steel Corporation v. Mitsui & Company (U.S.A.), Inc.*, 713 F.2d 494, 496 (9th Cir. 1983). *See also*, *Tedder v. Odel*, 890 F.2d 210, 211 (9th Cir. 1989) (same). Correspondence from Plaintiff's counsel on March 2, 2016, to Merkle, Srikar, and Sumner, demonstrate that Plaintiff's counsel failed to simultaneously tender the required witness and mileage fees when the subpoena was served.

The Honorable Paul G. Gardephe
March 11, 2016
Page 3

Finally, Plaintiff unilaterally set the date for compliance without consulting with Defendant Perficient's counsel concerning counsel's availability. Plaintiff set the depositions for Merkle and Sumner for Friday, March 18, 2016, in Charlotte, North Carolina, and set the deposition for Srikar for Friday, March 25, 2016, in Atlanta, Georgia. Counsel for Defendant Perficient is not available on either day due to pre-existing commitments. While Defendant Perficient contends that the subpoenas duces tecum issued to Merkle, Srikar, and Sumner should be quashed as provided for above, should the Court find otherwise, Counsel for Defendant Perficient is willing to work together with Counsel for Plaintiff to identify and schedule such depositions on a mutually agreeable date.

## Plaintiff's Position

Plaintiff has discussed the timing of the production of documents and depositions that are the subject of the three subpoenas and we have invited the selection of new dates that are convenient for counsel.  The grounds upon which Perficient, Inc. objects to the production of documents from these three individuals is unsupported by the cited authority, discussed *infra*.

More importantly, Perficient's objection exposes a more troublesome issue.  To wit, on December 14, 2015, this honorable Court modified a November 17, 2015 subpoena for certain documents by replacing the recipient of the subpoena, Jeanette Gomez, with Perficient, Inc. and by limiting the communications to be produced to those communications with individuals that were employed by the Plaintiff at the time of the communication.

```
THE COURT: Well, I have some comments on the
substance of the subpoena as well, which I will get to in just
a minute, but what I am wondering now is whether the most
efficient thing to do would be to treat the subpoena as being
directed towards Perficient rather than Ms. Gomez. Is that
acceptable to you?

Transcript 8:1-6


THE COURT: I'm sure we can come to an agreement on
time limits, Mr. Sanders.
MR. SANDERS: Then, your Honor, I have no problem with
it, the specific subpoena request being directed at Perficient,
but I would still maintain the objections with regard to the
substance of the request in that it's overbroad.

Transcript 9:1-6


THE COURT: . . .I think it's most efficient, if everyone agrees,
to just treat the subpoena now as being addressed to an entity
that's a party to the case, that being Perficient. Okay?
MR. BOSTANY: Okay.
Transcript 10:20-22
```

The Honorable Paul G. Gardephe
March 11, 2016
Page 4

**THE COURT:...So it seems to me that the scope
of this subpoena should be limited to the names of individuals
who were employed by plaintiff at the time that the
electronically stored document was created.**

**Transcript 12:2-5**

**THE COURT: To the extent the subpoena is limited to people who
were working for plaintiff at the time that the electronically
stored document was created, I think both the relevance and the
undue burden issue are addressed.**

**Transcript 13:3-6**

In its Reply below, Perficient cites attorney arguments not rulings.  Both sides made arguments on December 14 in an effort to steer the Court in a direction that each side believed was in the best interest of his client.  However, the Court was steadfast and each time, reiterated the precise ruling the Court made at the outset. Indeed following my argument which is cited by in Perficient's reply *infra*, the Court stuck to its original ruling:

**THE COURT: . . .as limited, the subpoena now seeks electronically stored
documents that mention the name of a Six Dimensions' employee
at the time that they were employed by Six Dimensions.
In other words, just going back to my August 21st
example, if there's an email August 21st that contains the name
of a Six Dimensions employee, it would be producible if on
August 21st that person was working at Six Dimensions.[2]**

**Transcript 17:22 – 18:2**

The three subpoenas that are the subject of this joint letter, request that the witnesses bring to their depositions, copies of documents in their possession which fall within the same category of documents that Perficient, Inc. was ordered to produce no later than January 7, 2016, *i.e.* communications or solicitations with individuals that were employed by plaintiff at the time of the communication.  The March 1, 2016 Subpoena's seek "All communications and/or documents pertaining to recruiting, hiring and/or solicitation, of any type, that include any of the names contained in Attachment A".

Exhibit A came from a list of terms names that Perficient has advised was used to obtain communications responsive to the November 17 subpoena.  We agreed with Perficient during a conference that took place on March 4, that the Subpoena would be limited to communications or documents with people who were working for plaintiff at the time that the electronically stored document was created.

We discussed on March 4 that the instant objection would be moot if the electronically stored information called for in the March 1 subpoena was produced on January 7, 2016 .  It appears

---

[2] This quote was added at a time when Perficient's Reply only contained quotes of Plaintiff's counsel's argument. Following Plaintiff's addition of this quote, Perficient added the Court's ruling on the bottom of page 8 of this letter.

The Honorable Paul G. Gardephe
March 11, 2016
Page 5

that the basis for Perficient's decision for withholding these documents on January 7, was that its view that when the court replaced Jeanette Gomez with Perficient, Inc. on the November 17 subpoena, that Perficient, Inc. was somehow still allowed to treat the substitution as not having happened.

Alas, on December 14, 2015, the Court ordered that Perficient, Inc. produce all electronically stored information with individuals that were employed by plaintiff at the time no later than January 7, 2016. Instead, Perficient, Inc. operated as if the December 14 conference did not take place and the Subpoena was not modified.

We are discovering now that Perficient, Inc. is seeking to block the production of documents that would have been within the universe of documents that it was required to produce on January 7, 2016, by making the argument that the individuals that are now subpoenaed to produce the documents at their depositions, should be allowed to withhold them. This argument is misplaced.       In *Burns v. Bank of America*, the M.J. Francis held that a *pro se* Plaintiff may not Subpoena high level executives before determining if the information was available from lower level employees. "The plaintiffs have not 'sought to question lower level corporate officials with similar knowledge before asking this Court to compel the depositions of [higher level executives].'" *Burns v. Bank of Am.*, 2007 WL 1589437, at *5 (S.D.N.Y. 2007)(Citation Omitted). There the Plaintiffs were seeking  "to depose Timothy Mayopolous, General Counsel of Bank of America. *Burns v. Bank of Am.*, supra at *3.

This same case also held that "the rule does not, by its terms, prohibit the service of subpoenas upon parties to an action.[11] *See First City, Texas-Houston, N .A. v. Rafidain Bank,* 197 F.R.D. 250, 255 n.5 (S.D.N.Y.2000) ( "[N]othing in the Federal Rules of Civil Procedure explicitly precludes the use of Rule 45 subpoenas against parties."); *see also Mortgage Information Services, Inc. v. Kitchens,* 210 F.R.D. 562, 564 (W.D.N.C.2002) (same); *Badman v. Stark,* 139 F.R.D. 601, 603 (E.D.Pa.1991) (noting that "a subpoena under Rule 45 may be served upon both party and non-party witnesses")". *Burns v. Bank of Am.*,supra at *14.

Indeed it is settled that  "An employee of a corporate party who is not an officer, director, or managing agent is not subject to deposition by notice. Instead, **these employees are treated in the same way as any other nonparty witnesses and "must be subpoenaed pursuant to Fed.R.Civ.P. 45."**    *RP Family, Inc. v. Commonwealth Land Title Ins. Co.*,  2011 WL 6020154, at *2 (E.D.N.Y. 2011) *citing Schindler Elevator Corp. v. Otis Elevator,* No. 06 Civ. 5377, 2007 WL 1771509 at *2 (S.D.N.Y. 2007). (Emphasis Supplied).  It is undisputed that the individual subpoena'd were never officers, directors or managing agents.

In its portion of this letter, Perficient goes on to cite some older authority from Massachusetts and Texas but these cases do not contradict the settled rule.  *Contardo* simply required the subpoena to afford a party the same amount of time to supply documents as is contained in Rule 34.  "In sum, a party cannot secure documents from an opposing party by serving a deposition subpoena *duces tecum* on an employee of the opposing party commanding production of the party's documents at the deposition *unless the provisions of Rule 34, F.R.Civ.P., are followed.* *Contardo v. Merrill*

The Honorable Paul G. Gardephe
March 11, 2016
Page 6

*Lynch, Pierce, Fenner & Smith*, 119 F.R.D. 622, 624 (D. Mass. 1988)(Emphasis Supplied). Here Plaintiff is allowing the full amount of time contained in Rule 34 to produce the documents if needed, and Perficient has not even stated convincingly that the parties that were subpoena'd are employed by it, stating only that they are either employed or were employed by Perficient.

The other cases are anchored to local statutes which provide that "Texas corporation law limits the right of access that officers and shareholders have to corporate books and records".*Am. Maplan Corp. v. Heilmayr*, 203 F.R.D. 499, 501 (D. Kan. 2001). In *m. Maplan Corp. v. Heilmayr,* the Plaintiff had subpoena'd records from the President of a company in an action where the company was not a party. *Id.*

With regard to the tendering of the witness fees that counsel acknowledges was accomplished by overnight delivery within 48 hours of service of the subpoena, Perficient cites only a select portion of a case that actually goes the other way in the very next sentence.

> Significantly, "[t]here is no Second Circuit case law interpreting the Rule 45 requirement of 'deliver[y]' as requiring personal service." *JP Morgan Chase Bank, N.A. v. IDW Grp., LLC,* No. 08 Civ. 9116(PGG), 2009 WL 1313259, at *2 (S.D.N.Y. May 11, 2009) (quoting *Ultradent Prods., Inc. v. Hayman,* No. M8–85 (RPP), 2002 WL 31119425, at *4 (S.D.N.Y. Sept. 24, 2002)). District courts in this Circuit have noted that ' "the language of Rule 45 does not explicitly demand personal service of a subpoena'; indeed '[s]uch language neither requires in-hand service nor prohibits alternative means of service.' " *Id.* at *2 (quoting *Cordius Trust v. Kummerfeld,* No. 99 Civ. 3200(DLC), 2000 WL 10268, at *2 (S.D.N.Y. Jan. 3, 2000)); *see also Cordius,* 2000 WL 10268, at *2 ("This Court thus joins those holding that effective service under Rule 45 is not limited to personal service. In accordance with the interpretative principle that the rules 'be construed and administered to secure the just, speedy, and inexpensive determination of every action,'

*Tube City IMS, LLC v. Anza Capital Partners, LLC,* 2014 WL 6361746, at *2 (S.D.N.Y. 2014)(Engelmeyer, D.J.) quoting *JP Morgan Chase Bank, N.A. v. IDW Grp., LLC,* 2009 WL 1313259, at *2 (S.D.N.Y. 2009) (Gardephe, D.J.).

Wherefore Plaintiff respectfully submits that the Subpeona's should not be quashed.

### *Defendant Perficient's Reply*

First and foremost, Plaintiff's assertion that Perficient has failed to comply with the November 17, 2015, subpoena by withholding documents within the universe of those required to be produced is without merit. Plaintiff erroneously contends that, following the December 14, 2015, conference with the Court, Perficient was required to produce all electronically stored documents in its possession containing the names of anyone currently or formerly employed by Plaintiff, provided the individuals were employed by Plaintiff on the date the documents were created. Essentially, Plaintiff argues that by having Perficient, rather than Gomez, be responsible for complying with the

The Honorable Paul G. Gardephe
March 11, 2016
Page 7

subpoena, the door was opened to documents that Plaintiff never sought in the first place by its subpoena to Gomez.

Plaintiff cites to portions of the December 14, 2015, hearing transcript, but, Plaintiff leaves out significant portions of the transcript which make it clear that Plaintiff's counsel was undoubtedly aware that the object of the request was still Gomez, notwithstanding the fact that Perficient, which had recently been joined as a party, would be responsible for compliance. In its portion of the letter, Plaintiff's counsel remarks that "[a]t the conclusion of the December 14 conference, I believed and I was of the view that the Court had ordered, that Perficient, Inc. would be producing all electronically stored information with individuals that were employed by plaintiff at the time."[3] Plaintiff's position is difficult to square with the representations Plaintiff's counsel expressly made during the December 14 hearing.

Significantly, when discussing the Court's inquiry about treating the subpoena as being addressed to Perficient, the following exchange occurred:

> MR. SANDERS:  Then, your Honor, I have no problem with it, the specific subpoena request being directed at Perficient, but I would still maintain the objections with regard to the substance of the request in that it's overbroad.

> THE COURT:  As I said, I'm going to address that in just a minute, but let me inquire of plaintiff whether plaintiff has any objection to my treating the subpoena that was addressed to Ms. Gomez as being addressed to Perficient.

> Mr. Bostany, do you have any objection?

> MR. BOSTANY:  Whatever the Court feels is the most efficient way to deal with this issue. In my experience, I have had the inverse of this where we have sought documents or even testimony from a witness that is not an officer of the company and the defendant has called the court's attention to case law which requires a subpoena be issued to an individual.

> We have done that, and we did it before Perficient was named as a defendant, and we don't think that's a material procedural issue or concern. **I guess what is important is that this is an individual that has access to just a discrete number of emails that we have heard no indication that she has any difficult in producing.** We heard just boilerplate arguments that it's burdensome or contains confidential information, none of which have been cognizable in any other case we have seen. And I just respectfully ask that because it is a valid subpoena, and in the interest of justice and Rule 1, **that she be asked to produce the documents**. When Mr. Sanders and I first spoke, he indicated that he could have those documents to

---

[3] After Defendant Perficient appended its Reply, Plaintiff substantively modified the quoted language, altering it to read: "Alas, on December 14, 2015, the Court ordered that Perficient, Inc. produce all electronically stored information with individuals that were employed by plaintiff at the time no later than January 7, 2016."

The Honorable Paul G. Gardephe
March 11, 2016
Page 8

use by December 8, and it was just one objection that he had, one aspect of the subpoena.

TR pp. 9:3-25 – 10:1-6.

Even more significantly, when discussing the <u>scope</u> of the subpoena, Plaintiff's counsel acknowledged that the subpoena request was limited to Gomez. In pertinent part, the following exchange occurred:

> THE COURT:  I'm sorry, I don't understand the question. Are you asking what the scope of it would be once they started work at Perficient? Is that what you're asking?

> MR. SANDERS:  Absolutely. This subpoena is overboard in that it asks for every email, essentially, text message, email, postings from June 18 to the date in our possession or control that contain the name of anyone currently or formerly employed by Six Dimensions. So there are a number of employees that used to work for Six Dimensions that are now employed by Perficient, so this would contain emails with their name where they're doing business – this is going to – it could be thousands and thousands of emails.

> MR. BOSTANY:  Your Honor, could I respond to that?

> THE COURT:  Who is speaking?

> MR. BOSTANY: Sorry, Judge, John Bostany.

> **The subpoena does not request all of the emails between these employees that ultimately began working at Perficient with anyone at all with Perficient, <u>it's directed to the director of recruiting, Ms. Gomez, so conceivably would have correspondence with these approximately eight individuals about recruiting</u>.**

> **And our lawsuit is about solicitation and recruiting, and therefore, Mr. Sanders' concern that once these individuals started working at Perficient they're going to be doing business on contracts and customer for Perficient, that somehow <u>our request for the emails that were exchanged between them and the director of recruiting</u> would encompass these other emails that are in the ordinary course of their business for Perficient I think is not a legitimate concern, your Honor.**

> THE COURT:  Well, also, Mr. Sanders – and I don't know if you were listening when I imposed the limitation I did, but as limited, the subpoena now seeks electronically stored documents that mention the name of a Six Dimensions' employee at the time that they were employed by Six Dimensions.

The Honorable Paul G. Gardephe
March 11, 2016
Page 9

    In other words, just going back to my August 21st example, if there's an email August 21st that contains the name of a Six Dimensions employee, it would be producible if on August 21st that person was working at Six Dimensions. To the extent that that person was working for Perficient or was working for somebody else on August 21st, it would not be producible.

TR pp. 16:15-25 – 18:1-5.

    Clearly, Plaintiff's counsel's intent and understanding as evidenced by his statements during the December 14 hearing demonstrate that, even if Perficient was ultimately responsible for responding to the subpoena request, the request was narrowly limited to communications between former Six Dimensions employees and Gomez, Perficient's Director of Recruiting. Plaintiff's attempts to enlarge the scope of its request must be rejected.

    Second, Plaintiff appears to conflate the use of a Rule 45 subpoena to a non-party witness to secure the witness's attendance at a deposition or other proceeding with the non-party's obligations to produce documents. While Perficient does not object that a Rule 45 subpoena may be used to secure the attendance of a non-party witness at a deposition or other proceeding, or even to request relevant documents within the non-party's possession, custody, or control, it does not follow that a Rule 45 subpoena can be used to command a non-party to produce documents that it does not have possession, custody, or control of. The fundamental issue with the subpoenas issued to Merkle, Srikar, and Sumner is that the subpoenas would require them to produce documents that are not within their possession, custody, or control. While the subject of the request may properly be a request directed to Perficient via Rule 34, it is improper to attempt to utilize Rule 45 to obtain documents belonging to a party, in this case, Perficient, from non-party witnesses.

## Conclusion

    Defendant Perficient respectfully requests that this Court quash the subpoenas duces tecum issued to Laura Merkle, Shannon Sumner, and Anoop Srikar. Plaintiff requests that the Court not quash the subpoenas.

                                    Very truly yours,

                                    /s/ Christopher M. Sanders

                                    Christopher M. Sanders
                                    Attorney for Defendant Perficient

                                    /s/ John P. Bostany

                                    John P. Bostany
                                    Attorney for Plaintiff

CMS/kds