

222 South Central Avenue, Suite 900
St. Louis, MO 63105
Phone 314.863.0092 Fax 314.746.4848

Christopher M. Sanders
314.746.4809
csanders@lowenbaumlaw.com

March 18, 2016

The Honorable Barbara Moses
United States District Court
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Room 920
New York, New York 10007

      Re:    *Six Dimensions, Inc. v. Perficient, Inc. et al.*
              Case No. 15-CV-08309 (PGG) (BCM)
              Supplemental Letter re: Order Scheduling Discovery
              <u>Conference and Case Management Conference</u>

Dear Judge Moses:

      We represent Defendant Perficient, Inc. ("Defendant Perficient" or "Perficient") in this action and write concerning the discovery disputes raised in the parties' joint letters filed on December 23, 2015; January 5, 2016; and March 11, 2016.

      Perficient respectfully submits that the underlying discovery disputes are inextricably intertwined with the dispositive letter motions filed by Defendants Perficient and Brading. Specifically, on December 23, 2015, Perficient filed a letter motion with the court pursuant to Judge Gardephe's Individual Rules requesting a pre-motion conference concerning its motion to dismiss Plaintiff's Second Amended Complaint for improper venue under FED. R. CIV. P. 12(b)(3),[1] or, in the alternative, to transfer venue pursuant to 28 U.S.C. § 1404(a), and its motion to dismiss for failure to state a claim under FED. R. CIV. P. 12(b)(6). Defendant Brading filed a similar letter on January 8, 2016, concerning her motion to dismiss Plaintiff's Second Amended Complaint for failure to state a claim.

      Prior to filing her pre-motion conference request on January 8, 2016, Brading moved to stay proceedings pending the Court's ruling on her motion to dismiss. As Brading explained, "the nature, posture and stage of this litigation, Ms. Brading's anticipated motion to dimiss, and the burden and lack of prejudice to Plaintiff are all compelling factors warranting a temporary stay of discovery until

---

[1] "A motion to dismiss for improper venue is considered dispositive, as opposed to a motion to transfer, which a magistrate judge has the authority to hear and determine pursuant to a referral under 28 U.S.C. §636(b)(1)(A)." *Daniel v. American Bd. of Emergency Medicine*, 988 F. Supp. 127, 255, n. 157 (W.D.N.Y. 1997) citing *Michelli v. City of Hope*, 1994 WL 410964, at *6, n.1 (S.D.N.Y. 1994); *O'Brien v. Goldstar Technology, Inc.*, 812 F. Supp. 383 (W.D.N.Y. 1993); *Russell v. Coughlin*, 1992 WL 209289, *1 (S.D.N.Y. 1992). *See also Martin v. U.S. Equal Employment Opportunity Comm'n*, 19 F.Supp.3d 291 (D.C. Cir. 2014).

Ms. Brading's anticipated motion to dismiss is decided." *See*, Doc. # 50, p. 2. Although Perficient has not formally moved for a stay of discovery, as Plaintiff made clear in its supplemental letter to the Court on March 1, 2016, the parties "have not submitted a joint dispute as there is an agreement between the parties that Perficient Inc. will respond to the outstanding discovery requests after the Court decides the Brading [stay] application." *See*, Doc. # 63 Perficient submits that, in view of the pending dispositive motions, any action on these discovery issues should be postponed until such time that the Court has ruled on these dispositive motions.

Perficient also respectfully requests that it be allowed to participate in the discovery conference scheduled for Wednesday, April 6, 2016, at 10:00 a.m., and the case management conference scheduled for Wednesday, April 20, 2016, at 10:00 a.m., telephonically. Perficient's counsel recently traveled to New York for the court conference scheduled for Thursday, March 3, 2016, at 10:00 a.m. While Perficient's counsel was in transit on March 2, the Court adjourned the March 3 conference, rescheduling it for April 14, 2016, at 10:30 a.m., resulting in significant travel costs for Perficient.

Very truly yours,

*Christopher M. Sanders*

Christopher M. Sanders

CMS/kds

